GILBERT KING, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where the defendant was indicted under section 4406 of the Code for simple larceny, it being alleged that he did privately take and carry away, with intent to steal the same, certain notes of the national currency of the United States, and the evidence disclosed that such notes were taken from the person, he could not be convicted of the felony with which he was charged. He should be indicted for, and convicted of, larceny from the person, a misdemeanor.

Criminal law.    Indictment.    Larceny.    Bank notes.    Before Judge GIBSON.    Richmond Superior Court.    October Term, 1874.

For the facts of this case, see the decision.

H. CLAY FOSTER, for plaintiff in error.

DAVENPORT JACKSON, solicitor general, by JACKSON & CLARKE, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "simple larceny," under the 4406th section of the Code, and charged with having wrongfully, fraudulently and privately, taken and carried away, with intent to steal the same, certain described United States national currency notes, of the value of twelve dollars. The evidence upon the trial proved a technical "larceny from the person." The jury, under the charge of the court, found the defendant guilty. A motion was made for a new trial, on the ground that the court erred in charging the jury that they could find the defendant guilty of simple larceny, as defined by the 4406th section of the Code, notwithstanding the evidence showed that it was a technical larceny from *the person.* The court overruled the motion, and the defendant excepted.

By the 4406th section of the Code, it is declared that if any person shall take and carry away any bond, note, bank bill or due bill, or paper or papers, securing the payment of money, etc., with intent to steal the same, such person shall be guilty of simple larceny. By the 4410th section, theft or larceny from the person is defined to be the wrongful and fraudulent taking of money, goods, chattels, or effects, or any article of value, from the person of another privately, without his knowledge, in any place whatever, with intent to steal the same. "Simple larceny" and "larceny from the person" are two distinct offenses under the Code. It is true, that if any person shall take and carry away any bond, note, bank bill, etc., with intent to steal the same, such person is guilty of simple larceny; and it is also true, that if any person shall wrongfully and fraudulently take and carry away the personal goods of another, other than bonds, notes, bank bills, etc., with intent to steal the same, he would be guilty of simple larceny, but it does not follow that if bonds, notes, bank bills, etc.,

are taken from *the person* of another privately and without his knowledge, that the party defendant so taking the same may be indicted and punished for the offense of simple larceny. If one should take and carry away a box of jewelry, with intent to steal the same, he would be guilty of simple larceny, but if one should take a box of jewelry from *the person* of another, privately, without his knowledge, with intent to steal the same, he would be guilty of larceny from the person. So in this case, if the defendant had not taken the currency bills from *the person* of another privately and without his knowledge, he might have been indicted and punished for the offense of simple larceny, but as the evidence shows that he was guilty of larceny from *the person*, he should have been indicted and punished for that offense. Simple larceny and larceny from the person, as before remarked, are two distinct offenses, and the punishment is different. Simple larceny of currency notes, under the 4406th section of the Code, is punished as a felony by imprisonment in the penitentiary for not less than one year nor longer than four years, whereas, strange as it may appear, larceny from *the person* of currency notes is only punishable as a misdemeanor under the provisions of the act of 1866, reducing certain crimes below felonies. The result, therefore, is, in relation to the case now before us, that the defendant has been indicted and found guilty of a felony for which he may be punished by imprisonment in the penitentiary for not less than one nor longer than four years, when, if he had been indicted for larceny from *the person*, the offense, of which it is admitted the evidence proved him to have been guilty, he could only have been punished, as the law now stands, as for a misdemeanor. It might be a *convenient way* to indict the defendant for simple larceny and punish him as for a *felony* under the 4406th section of the Code, when the evidence proved he was guilty of larceny from the person, and could only be punished therefor as for a misdemeanor. The simple objection to this course of proceeding is, that the penal laws of the state do not authorize it. There are four distinct classes of larceny recognized by the penal Code of this state:

1st, Simple larceny; 2d, Larceny from the person; 3d, Larceny from the house; 4th, Larceny after a trust or confidence has been delegated or reposed: Code, 4392.   If any person shall steal currency notes, or other *choses* in action, or any article of value from the person of another, privately, without his knowledge, in any place whatever, such person is guilty of the offense of larceny from *the person*, and should be indicted therefor and punished as prescribed by law for *that offense.* If any person shall steal and carry away any currency notes, or other valuable thing as described in section 4406, *otherwise than from the person of another*, such person is guilty of simple larceny, and should be indicted therefor, and punished as prescribed by law for that offense.   Penal laws are to be construed *strictly*, therefore the defendant in this case could not legally have been convicted and punished for the offense of simple larceny, under the 4406th section of the Code, which is a felony, when the evidence clearly proved that he was only guilty of the offense of larceny from the person, which is not a felony, but a misdemeanor.   The offense of a misdemeanor under the law cannot be converted into a *felony* and punished as such, in *that way*, without a violation of the fundamental principles of the penal laws of the state.   In our judgment, the court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.