GARDNER v. THE STATE.

Evidence showing that the accused took and carried away from a house,. with intent to steal the same, the personal goods of another, will warrant a general verdict of guilty upon an indictment which merely· charges simple larceny.

Submitted October 4, — Decided October 13, 1898.

Accusation of simple larceny. Before Judge Eve. City· court of Richmond county. September term, 1898.

*Russell & Rosenfield*, for plaintiff in error
*C. Henry Cohen, solicitor*, contra.

LEWIS, J. The defendant was arraigned in the city court of Richmond county on an accusation charging her with simple· larceny, in that she privately, wrongfully and fraudulently took and carried away, with intent to steal the same, a lot of chickens of the value of ten dollars. By consent the case was tried before the judge of the court without a jury. The evidence in behalf of the State was to the effect, that the defendant privately took and carried away from a large chicken-house of the prosecutor the goods alleged to have been stolen. A judgment of guilty was rendered, and the case was brought to this court, alleging error in this finding, on the ground that it was contrary to law and the evidence, and that the offense proved, if any, was larceny from the house, and not simple larceny.

We do not agree with counsel for the State that a chicken-house is not such a structure as that to steal from it would be larceny from the house. The evidence showed that the house from which the goods were taken was "the large chicken-house" of the prosecutor. No further description is given, but we are· obliged to conclude from this that the structure was a permanent building or fixture erected on the place, and falls within the ordinary acceptations of the term "house." The fact that it was erected for safety of chickens can make no difference. It is. none the less a *house;* and stealing chickens therefrom is as much larceny from the house as stealing corn from a crib. We therefore conclude that the facts in this case did make out the offense of larceny from the house; and the sole question remaining for solution is whether or not, on a charge of simple larceny,

the accused can be legally convicted of this offense when the proof shows that he was guilty of larceny from the house. . "Larceny from the house is the breaking or entering any house with the intent to steal, or after breaking or entering said house, stealing therefrom anything of value." Penal Code, §178. When the purpose to steal has been consummated, the offense includes every element of simple larceny. Every fact alleged in this accusation against the defendant was proven. The evidence went a step further and showed, not an offense dissimilar, but one of the same class, containing an additional element of aggravation, but including the offense with which defendant was charged. In the case of *Brown* v. *State*, 90 *Ga.* 454, it was held that "Under an accusation which charges in terms of the statute larceny from the house of certain hens and a rooster, a conviction may be had for simple larceny, the latter offense being included in the former." Simmons, Justice (now Chief Justice), in his opinion in that case said: "The larceny proved and for which the conviction was had, contained no element that was not included in the larceny as charged, and was a lesser offense, though both were misdemeanors and the limit of the statutory penalty as to each offense was the same." We think the converse of this ruling is equally true, that where one is charged with a lesser offense, he may be legally convicted of the same, although the testimony may show him guilty of the greater, when it necessarily includes the less. To hold otherwise would lead to rather strange anomalies in criminal procedure. For instance, if one should be indicted for an assault, would it not be an unreasonable defense for him to set up, that while he did unlawfully make the assault, yet inasmuch as it was coupled with an intent to murder, he should not be convicted of the lesser crime? If such a defense were available, then if the facts of the case showed an assault with intent to murder, an acquittal would necessarily result, and upon being indicted afterwards for the larger offense, involving as it did the same transactions, he might under previous rulings of this court plead former jeopardy. Thus would result the liberation of a criminal simply because he was charged with a misdemeanor, but in point of fact he was guilty of a felony that included the misdemeanor.

There is no fatal variance between the allegations in this case and the proof. The statute does not require a designation of the particular place in the county where the crime was committed, nor a relation of all the means used by the criminal in perpetrating the offense. When charged with simple larceny he is put upon notice that a conviction will be sustained by proof of the stealing, regardless of where in the county the theft took place. The case of *King* v. *State*, 54 *Ga.* 184, relied upon by counsel for plaintiff in error, is not in conflict with our decision in this case. There the defendant was charged with simple larceny, and the evidence disclosed that the property alleged to have been stolen was taken from the person, and the court held that the defendant could not be convicted of the felony with which he was charged. That ruling was manifestly correct. As the law existed at that time, a simple larceny of currency notes was punishable as a felony, but the punishment for taking the same goods from the person of another was entirely different. Of course it would have been manifestly wrong to uphold a conviction for a felony when the proof showed that the defendant was guilty of a misdemeanor only. In the case of Wyatt *v.* State, 1 Blackford (Ind.), 257, the defendant was indicted for larceny. It was held that there was no error for the court to refuse to instruct the jury to find a verdict for the defendant should they be of the opinion that the offense proved amounted to burglary. In the case of Skipworth *v.* State, 8 Tex. App. 135, it was decided that a conviction for simple larceny was legal notwithstanding the evidence might have been sufficient to sustain a prosecution for robbery. It will be seen from the opinion of Clark, J., in that case, that this ruling of the court was based upon the idea of the similarity between the two offenses of robbery and larceny, and that the former offense included the latter. "That the taking," says the court, "may have been ' by assault, or by violence and putting in fear of life or bodily injury,' renders it no less a fraudulent taking; and if the State elects to prosecute simply for the fraudulent taking, the defendant can not complain because the proof shows not only this character of acquisition but something more." See also Rapalje, Larceny, p. 275, § 244, and authorities cited.

We conclude, therefore, that the decision embodied in the headnote is sustained both by reason and authority.

*Judgment affirmed. All the Justices concurring, except Little, J., who dissents.*