## HEARD v. THE STATE.

1. The Penal Code, § 178, defines in general terms four classifications of the offense of larceny from the house : (1) breaking any house with intent to steal ; (2) entering any house with intent to steal ; (3) stealing from a house after having broken into the same ; and (4) stealing from a house after having entered it.

2. The Penal Code, § 182, more specifically defines the offense and provides for the.punishment of each classification of larceny from the house as defined in § 178.

3. A motion in arrest of judgment, on the ground that the indictment under which the accused was convicted, charging that the defendant did break and enter the house, the same being a gin-house of a named owner, in a named- county situate, and did unlawfully, fraudulently, and privately take, steal, and carry away from the gin-house certain described personal property, stating its value and ownership, was framed under § 178, and that this section did not provide a penalty, was without merit and was properly overruled.

4. The allegations of the indictment sufficiently averred the offense of larceny from the house as described in the Penal Code, § 179, and the indictment, was also good, under that section, as against a motion in arrest of judgment.

Submitted July 18, — Decided August 9, 1904.

Indictment for larceny from the house.     Before Judge Freeman.   Troup superior court.   May 27, 1904.

*E. T. Moon*, for plaintiff in error.
*H. A. Hall, solicitor-general*, contra.

EVANS, J.   The defendant was convicted of larceny from the house, and moved in arrest of judgment, because the indictment was framed under section 178 of the Penal Code, which section provides no penalty, and because the court imposed the penalty provided in section 179 of the Penal Code, treating that section as applicable to the offense described in the indictment.   The motion in arrest of judgment was overruled, and the defendant excepted.   The indictment charged that the defendant, on November 30, 1903, "did break and enter the house, the same being a gin-house, of F. M. Longley, in said county situate, and five hundred pounds of seed-cotton, of the value of fifteen dollars, of the personal goods of said F. M. Longley, in said gin-house then and there being found, did then and there unlawfully, fraudulently, and privately take, steal, and carry away, contrary to the laws of said State," etc.     The Penal Code, § 178, contains a general definition of larceny from the house:     "Larceny from

the house is the breaking or entering any house with the intent to steal, or, after breaking or entering said house, stealing there-from anything of value." This offense may be committed in one of four ways: (1) By breaking any house with intent to steal; (2) by entering any house with intent to steal; (3) by stealing from a house after having broken into the same; and (4) by stealing from a house after having entered it. The subsequent sections — §§ 179 to 185, inclusive — more particularly define these different classifications of larceny from the house, and provide a penalty for a violation of each class. Treating the indictment as drawn under the general section, § 178, it was a good indictment; the offense was set out with all the legal nicety which good pleading could exact, and the particular class of larceny from the house committed by breaking and entering any house (other than a dwelling-house or its appurtenances) and stealing therefrom any article of value, is punishable as a misde-meanor by § 182 of the Penal Code. But the indictment was also good under § 179. An indictment framed under the last-cited section must allege the essential elements of one of the classes of larceny from the house defined in the preceding sec-tion, and in addition thereto must allege that the stealing was done "privately." The indictment in the case at bar alleges that the larceny from the house therein described was "privately" done, and contains every essential allegation to constitute the offense described in § 179. It is immaterial whether the court construed the indictment as drawn under § 178 and applied the punishment as provided in § 182, or whether it was framed under § 179; in either case the offense charged was a misdemeanor and punishable as such, and the court did not err in overruling the motion in arrest of judgment, and sentencing the defendant to work in the chain-gang on the public works for a period of twelve months.              *Judgment affirmed.    All the Justices concur.*