## JONES *v*. THE STATE.

1. A motion in arrest of judgment on a conviction of larceny from the house, upon an indictment drawn under the Penal Code (1910), § 175, is not sustainable on the ground that this code section fails to prescribe a penalty.
2. Larceny from the house, as defined in the Penal Code (1910), § 175, is punishable as prescribed in the Penal Code, §§ 177, 178, and 179.
3. An indictment for larceny from the house as defined in the Penal Code (1910), § 176, must allege that it was privately committed, and the punishment for the offense denounced in that section is as is therein prescribed.

NOVEMBER 17, 1916.

Questions certified by Court of Appeals (Case No. 6925).

*L. H. Covington,* for plaintiff in error.

*C. H. Porter, solicitor,* contra.

EVANS, P. J. We have examined into the history and origin
of the code sections involved in the questions propounded by the
Court of Appeals. We find that §§ 175, 176, 177, and 179 of
the Penal Code of 1910 are virtual reproductions of the Penal
Code of 1833 (Acts of 1833, p. 161). In the Penal Code of 1833
larceny from the house is contained in a division confined to that
subject. There is a substantial concordance of § 26 of the Penal
Code of 1833 with § 175 of the Penal Code of 1910; of § 27 with
§ 176; of § 28 with § 177; of § 29 with § 178; and of § 30 with
§ 179. The punishment of larceny from the house was that of a
felony under the Penal Code of 1833, but was reduced to that of a
misdemeanor by the act of 1866. Section 175 of the Penal Code
of 1910 defines in general terms four classifications of the offense
of larceny from the house: (1) breaking into any house with intent
to steal; (2) entering any house with intent to steal; (3) stealing
from any house after having broken into the same; and (4) steal-
ing from any house after having entered it. The punishment is
provided in the following sections: 177 and 178 for the first and
second classifications; and 179 for the last two classifications, where
the house is one other than a dwelling-house or its appurtenances.
*Heard* v. *State,* 120 *Ga.* 848 (48 S. E. 311). Section 176 covers
an offense where the entering was without intent to steal, but where,
being in the house, a person did *privately* steal money, etc., and
provides a punishment according to the value of the article stolen.
Inasmuch as all thefts are usually committed in private, it would
seem that the distinction was really one of small difference. Per-
haps this conception influenced the General Assembly in 1872
(Acts of 1872, p. 10) to modify that section by confining the
houses in which larceny is committed to houses "within the cur-
tilage," so as to make the punishment apply to the case of a per-
son who privately stole from a dwelling-house, shop, warehouse, or
any other building within the curtilage. This amendment limited
the application of § 176 to a house which was the subject-matter
of burglary. See Code of 1873, § 4414. But however this may
be, the General Assembly in 1877 (Acts of 1877, p. 22) struck
the words, "within the curtilage," and restored the section as it
was in the Penal Code of 1833, § 27. It would thus seem that
in addition to the forms of larceny from the house, as defined
in the Penal Code (1910), § 175, which are punishable under the

Penal Code (1910), §§ 177, 178, and 179, the legislature intended to define a separate and distinct form of larceny from the house as defined in § 176, and an indictment drawn under that section must describe the larceny as having been privately done. *Kimbrough* v. *State,* 101 *Ga.* 583 (29 S. E. 39). Accordingly, we answer the questions propounded by the Court of Appeals as stated in the headnotes to this opinion.　　　*All the Justices concur.*