## 20326.   HALL *v.* THE STATE.

DECIDED APRIL 16, 1930.

*McClellan & Jacobs, James W. Schell,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

BROYLES, C. J.   1.   Prior to the act of 1903 (Ga. L. 1903, p. 43), amending the former definition of robbery, "violence of some kind was an indispensable essential of the offense of robbery.   Without violence there could be no robbery."   Since the amendment, violence is not an essential element of that offense, but "robbery, by suddenly taking or carrying away the property of another without

his consent," can be committed without violence of any kind. "The only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is complete." *Williams* v. *State,* 9 *Ga. App.* 170 (70 S. E. 890).

2. "Although the accusation and facts of a case may make a case of burglary, yet if they also make a case of larceny from the house, the defendant may be convicted of the latter offense." *Barlow* v. *State,* 77 *Ga.* 448 (2) ; *Green* v. *State,* 119 *Ga.* 120 (45 S. E. 990).

3. "Where one is charged with a lesser offense, he may be legally convicted of the same, although the testimony may show him guilty of the greater, when it necessarily includes the less." *Gardner* v. *State,* 105 *Ga.* 662, 663 (31 S. E. 577). (*a*) "Where an accusation in the city court charges the offense of larceny from the house, and the evidence shows a breaking and entering of the house in question and a stealing therefrom of articles valued at less than $50, a conviction of the offense charged is not contrary to law because the evidence made also a case of burglary; and the city court has jurisdiction of the case." *Morgan* v. *State,* 34 *Ga. App.* 178 (128 S. E. 689).

4. In the instant case the accused was tried in the city court of Macon under an accusation charging simple larceny. The evidence showed that he quietly and suddenly put his hand into the pocket of another person and abstracted therefrom a sack containing about $15 in money, with the intent to steal the same. No force or any kind was used, but the victim felt the hand in his pocket and knew that his money was being taken. The defendant was convicted of simple larceny. The only question in the case is whether his conviction of that offense was legal, when the evidence showed also a case of robbery. Robbery by sudden snatching is "the sudden snatching, taking, or carrying away any money . . from the owner or person in possession or control thereof without the consent of the owner or person in possession or control thereof." Penal Code (1910), § 148. Simple larceny is "the wrongful and fraudulent taking and carrying away, by any person, of the personal

goods of another, with intent to steal the same." Penal Code (1910), § 152. From the above-stated definitions it is obvious that the offense of simple larceny is included in the offense of robbery by a sudden snatching or taking. When the defendant unlawfully slipped his hand into his victim's pocket and took therefrom a sum of money belonging to the victim, with intent to steal the same, the offense included every element of simple larceny. It is true that the evidence showed also a larceny from the person, and a robbery by a sudden taking, but each of those two greater offenses, while containing an additional element of aggravation, was not an offense dissimilar, but one of the same class of the offense of simple larceny, and each one included that offense. See the reasoning of Mr. Justice Lewis on page 663 of *Gardner* v. *State,* supra. The verdict finding the defendant guilty of simple larceny was not contrary to law or the evidence because the evidence showed also a case of larceny from the person and a case of robbery by a sudden taking. The city court had jurisdiction of the case, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*