26084. ANDREWS *v.* THE STATE.

DECIDED APRIL 10, 1937. REHEARING DENIED MAY 14, 1937.

*Jule Felton,* for plaintiff in error.
*Jared J. Bull, solicitor, B. F. Neal,* contra.

BROYLES, C. J. The accused was tried on an accusation for simple larceny. It was charged therein that he unlawfully and fraudulently took and carried away, "with intent to steal the same, one Singer sewing-machine [and] two batting bed-quilts, of, the personal property of Mollie Hudson, and of the value of $20." The jury returned a general verdict of guilty, and the motion for new trial was overruled. The motion contained the general grounds and two special grounds. Special ground 1 alleged that since the evidence disclosed that the alleged larceny was from a dwelling-house and occurred in the daytime, and in the presence of the owner of the property, it was error for the judge to fail to instruct the jury that any "stealing in a dwelling-house would have to be privately done." Special ground 2 was based on certain alleged newly discovered evidence. As to special ground 1: The defendant was charged with simple larceny, and not with larceny from the house; and although the evidence showed that the stealing took place in a dwelling-house, the failure of the court to charge the jury that such stealing must be *privately* done was not error. This question is foreclosed by the ruling in *Gardner* v. *State,* 105 *Ga.* 662 (31 S. E. 557). In that case, as in this, the defendant was charged with simple larceny, and it was shown by the evidence that the larceny was from a house. The Supreme Court's headnote was as follows: "Evidence showing that the accused took and carried away from a

house, with intent to steal the same, the personal goods of another, will warrant a general verdict of guilty upon an indictment which merely charges simple larceny." And in the opinion, after quoting the Code section defining larceny from the house, the court said: "When the purpose to steal has been consummated, the offense includes every element of simple larceny. Every fact alleged in this accusation against the defendant was proved. The evidence went a step further and showed not an offense dissimilar, but one of the same class, containing an additional element of aggravation, but including the offense with which defendant was charged. . . We think . . that where one is charged with a lesser offense, he may be legally convicted of the same, although the testimony may show him guilty of the greater, when it necessarily includes the less. To hold otherwise would lead to rather strange anomalies in criminal procedure. For instance, if one should be indicted for an assault, would it not be an unreasonable defense for him to set up, that while he did unlawfully make the assault, yet, inasmuch as it was coupled with an intent to murder, he should not be convicted of the lesser crime? If such a defense were available, then if the facts of the case showed an assault with intent to murder, an acquittal would necessarily result, and upon being indicted afterwards for the larger offense, involving as it did the same transactions, he might under previous rulings of this court plead former jeopardy. Thus would result the liberation of a criminal simply because he was charged with a misdemeanor, but in point of fact he was guilty of a felony that included the misdemeanor." See also *Mattox* v. *State,* 115 *Ga.* 212 (9) (41 S. E. 709); *McConnell* v. *State,* 17 *Ga. App.* 752 (88 S. E. 408), and cit. The cases (like *Jones* v. *State,* 146 *Ga.* 187, 91 S. E. 67), which hold that an indictment for larceny from the house must allege and prove that the larceny was "privately" committed are not applicable to the instant case, where the indictment did not charge larceny from the house. In this case the jury were authorized to find from the evidence that when the accused entered the house of the prosecutor he had formed the intent to steal her Singer sewing-machine, and that his purpose to steal it was consummated when he removed it from the house. While possibly the evidence was sufficient to convict him of larceny from the house, it also authorized his conviction of

768

simple larceny. The accused introduced no evidence, and his statement to the jury was evidently rejected by them.

As to the alleged newly discovered evidence, it clearly appears from the transcript of the record that most of it, if not all, was known by the accused before the trial of the case; and that the parts of it, if any, which were not known to him were not sufficiently material to cause a reversal of the judgment. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. The State contends that the evidence discloses that Mollie Hudson's (the woman whose property was alleged to have been taken) mind was bad, she being some eighty years of age, that she was incapable of making an agreement with the defendant, that she knew no value, and would frequently walk around the neighborhood and be unable to find her way back home; that she was physically unable to attend court. The defendant was charged with simple larceny in that he took a sewing-machine and two quilts. The defendant, by the newly discovered evidence, is seeking to show that Mollie Hudson was examined and has the mentality of a person ten years old; that she admits that the machine and quilts were not stolen from her, but that she was "tricked out of them" in a manner that involved the passing of the title and not the possession merely. Under the peculiar facts of this case I think that the defendant should have a new trial, in order that both the State and the defendant might have a full and fair opportunity to show the mentality or nonmentality of Mollie Hudson, as this point is vital under the evidence of this case. *Armstrong* v. *State*, 48 *Ga. App.* 842 (174 S. E. 143).