47996. BLOODWORTH v. THE STATE.

DEEN, Judge. 1. The defendant was indicted in three counts for selling heroin, each count referring to a different day and different transaction, and each reciting "the date herein alleged being a material averment as to this count." He was acquitted on the first count,

convicted on Counts 2 and 3 and sentenced to two terms to be served consecutively. He maintains that, the sales being near in time and to the same person, he should be punished, if at all, by only one sentence. Such, however, is not the case. The rule is generally that time is not of the essence, and that on a general presentment there may be a conviction of the offense charged within the period of the statute of limitation, which may, however, be pleaded as res judicata to any offense fitting the averments of the indictment within such period. But where the date is alleged to be material, the contrary is true: the defendant may be convicted if and only if the proof corresponds to the date alleged, but no res judicata plea lies as to any other date. In *Martin v. State,* 73 Ga. App. 573 (8) (37 SE2d 411) a multi-count indictment for maintaining a lottery made the date in each count a material averment and the court held: "Under an accusation in the form in which this was drawn, there is no one day common to two counts, and the accusation does not charge a general offense, but each count charges a particular offense, and when the defendant is convicted on each of the 15 counts, 15 punishments as for a misdemeanor may be inflicted." The same rule holds as to felony indictments. *Gravitt v. State,* 220 Ga. 781, 783 (141 SE2d 893).

2. Where there is no evidence and no contention on the part of defendant that he falls within the class of those who may legally sell narcotics, and all the evidence adduced shows that he does not, it is not error for the court to charge the jury that the appellant did not fit under any of the exceptions to the Uniform Narcotic Act. *Morton v. State,* 190 Ga. 792, 801 (10 SE2d 836).

3. The court charged that criminal intent "may be inferred from the proven circumstances or by acts and conduct, or it may be presumed when it is the natural and necessary consequence of an act." We are inclined

to agree with the appellant that this instruction is not exactly the law, or at least that it is not exactly good logic, because intent, being the motivating force or the efficient cause of an act being done, or at least the volition which must exist in order to do it, can hardly be a *consequence,* that is, something which comes after and as a result of the act. This suggests itself as a slip of the tongue, the court obviously meaning that criminal intent may be presumed (or rather, inferred) *from* the natural and necessary consequences of an act which is a violation of law. Code Ann. § 26-605 provides: "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Code Ann. § 26-604 provides generally that persons are prima facie presumed to intend the natural and probable consequences of their acts. We think the language here, although subject to criticism, could not have misled or prejudiced the jury, and accordingly does not constitute reversible error.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED MARCH 5, 1973 — DECIDED MARCH 14, 1973 — REHEARING DENIED MARCH 30, 1973 — ■

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Thomas W. Hayes, Morris H. Rosenberg,* for appellee.