49744. WILLIAMS v. THE STATE.

STOLZ, Judge.

The defendant was indicted and tried in a nonjury trial on four counts of violating the Uniform Narcotic Drug Act by selling heroin to an undercover law officer on December 3, 18, 24 and 26, 1973. The trial judge found the defendant not guilty on Count 4 and guilty on Counts 1, 2 and 3, sentencing him to ten years on each count, the sentences for Counts 2 and 3 to be served concurrently with each other, but consecutively to Count 1, for a total of twenty years.

1. The trial judge did not err in overruling the motion to dismiss the multiple-count indictment on the ground that the state waived its right to arrest the defendant by failing to arrest him either without a warrant immediately after the first sale or with a warrant subsequently. *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676); *Murphy v. State,* 129 Ga. App. 28 (3) (198 SE2d 344); *Sinkfield v. State,* 130 Ga. App. 389 (3) (203 SE2d 708).

The cases cited by the appellant, exemplified by *Yancey v. Fidelity & Cas. Co.,* 96 Ga. App. 476, 477 (1) (100 SE2d 653) and cits., merely hold to the effect that the right under Code § 27-207 to make a warrantless arrest for a crime for an offense committed in the officer's presence, does not extend beyond a reasonable time and opportunity to procure a warrant. The present defendant's warrantless arrest on December 26 was not necessarily based on the three illegal sales made to the undercover agent, since it was authorized by the offense of illegal *possession* of narcotics, committed in the presence of the undercover agent and another law officer

on that date. There was no entrapment and, although the evidence did not support an adjudication of guilt of the offense for which the defendant was arrested and charged in Count 4 (illegal *sale*), the indictment was filed within four years of the commission of all of the offenses charged, including the first three counts, as required by Code § 27-601 (3).

2. The enumerated error on the overruling of the motion to suppress the evidence as to Count 4 of the indictment, is moot because of the appellant's acquittal on that count. See *Johnson v. State,* 128 Ga. App. 69, 70 (2), supra, and cits.

3. The refusing of a continuance and a certificate for immediate review, were not abuses of the trial judge's discretion. Moreover, the evidence authorized the conviction, and the contended errors sought to have been immediately reviewed are all held herein to be either without merit or moot.

4. The multiple-count indictment, each count of which referred to a different day and a different transaction and alleged the respective dates to be material averments, did not charge a general offense, but each count charged a particular offense, for the conviction of which the defendant could be sentenced separately, and either concurrently or consecutively at the discretion of the trial judge, before whom the case was tried without a jury. *Bloodworth v. State,* 128 Ga. App. 657 (1) (197 SE2d 423); *Murphy v. State,* 129 Ga. App. 28 (3), supra, and cits.; *Williams v. State,* 130 Ga. App. 418 (1) (203 SE2d 627) and cits.

"Where there are convictions on several counts, as we have here, in a multi-count indictment, each conviction on each count, as far as Code Ann. § 79A-9911 is concerned, must be considered as a first conviction. *Curtis v. State,* 102 Ga. App. 790 (9) (118 SE2d 264)." *Williams v. State,* supra, (2). This does not prohibit the trial judge who is imposing sentences from, in his discretion, making the sentences or some of them run consecutively for a first offender, as long as the punishment for each count does not exceed the punishment limitation for a first offense, which it did not in the case sub judice.

The evidence supported the conviction on each count, and the sentence on each count, as imposed, was authorized.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 30, 1974 — DECIDED
OCTOBER 17, 1974.

*Horton J. Greene*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jack E. Mallard, Joel M. Feldman, Assistant District Attorneys*, for appellee.