## 35301. HAMMOCK v. ZANT.

JORDAN, Justice.

Sterling Hammock, the petitioner, was sentenced to ten years in the penitentiary for "conspiracy to commit a crime" under Code Ann. § 79A-812 (Supp. 1979). *Hammock v. State,* 146 Ga. App. 339 (246 SE2d 392) (1978). Code Ann § 79A-812 provides that "Any person who attempts or *conspires* to commit any offense defined in this Chapter shall be punished by imprisonment not exceeding the maximum punishment proscribed for the offense, the commission of which was the object of the attempt or conspiracy."

In the present petition for writ of habeas corpus, the petitioner argues that Code Ann. § 79A-812 is unconstitutional for the following reasons: First, Code Ann. § 79A-812 violates the due process doctrine of vagueness since said Code section renders one uncertain whether an overt act is necessary for the successful prosecution of a conspiracy to commit a Ch. 79A-8 crime;

and second, said Code section violates Georgia Constitution, Art. III, Sec. VII, Par. IV (Code Ann. §2-1304 (1977)) since it contains subject matter different from that expressed in the Title of the Georgia Controlled Substances Act (Ga. L. 1974, p. 221 et seq. Code Ann. Ch. 79A-8 (1979)). The trial court denied each of the petitioner's constitutional contentions. We affirm.

"*All statutes* are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to *other statutes* and decisions of the courts." *Poteat v. Butler,* 231 Ga. 187, 188 (200 SE2d 741) (1973).

Accordingly, we hold that the phrase, "Any person who . . . *conspires*,"found in Code Ann. § 79A-812, means any person who *commits a conspiracy as defined by Georgia law.* Code Ann. § 26-3201 (1977) provides that one commits a conspiracy "when he together with one or more persons conspires to commit a crime *and* any one or more such persons does any overt *act* to effect the object of the conspiracy." Thus, we hold that Code Ann. § 79A-812 requires with certainty an overt act for successful prosecution, and that the petitioner's first enumeration of error is without merit.

Regarding the petitioner's second enumeration of error, we note that Title to the Georgia Controlled Substances Act recites as one of the purposes of the Act: "To provide for prohibited *acts* with respect to controlled substances and penalties thereto." Ga. L. 1974, pp. 221, 222. The petitioner argues that the agreement component of a conspiracy (as contrasted with the overt act component) is not an "act" within the meaning of the quoted recitation of purpose. But see "agreement," Black's Law Dictionary, 4th Edition (1951). However, given our holding that Code Ann. § 79A-812 proscribes conspiracy as defined by Code Ann. § 26-3201 (agreement *and act*), said recitation unquestionably served notice that the text of the Act prohibits a conspiracy to commit a Ch. 79A-8 crime.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 30, 1979 — DECIDED NOVEMBER 21, 1979 —
REHEARING DENIED DECEMBER 19, 1979.

*F. Robert Raley, John E. Simmons,* for appellant.
*Arthur K. Bolton, Attorney General, Susan Boleyn, Assistant Attorney General,* for appellee.