## 59811. PRICE v. THE STATE.

SHULMAN, Judge.

Defendant-Price appeals his conviction on 150 counts of conspiracy to unlawfully prescribe various controlled substances. For the reason set forth in Division 1, we reverse.

1. Defendant submits that the trial court erred in refusing to grant his motion to sever his trial from that of his co-defendant, Garfield. We are constrained to agree.

Defendant complains that his trial was prejudiced because his defense was antagonistic to that of his co-defendant. It was appellant's defense (and he so testified at trial) that he did not knowingly commit any criminal acts, that if criminal acts were committed they were committed by defendant-Garfield and the "script passers." On the other hand, Garfield (who did not testify at trial) presented evidence in his defense that a third party (concededly defendant-Price) encouraged and influenced him to commit the criminal acts in question and that he, Garfield, in essence became the "psychological puppet" of such third party.

While we recognize that "[t]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials" (*Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856)), if the defendant can demonstrate harm resulting from the failure to sever, then such failure to sever becomes error. Id.

In view of the mutually exclusive and antagonistic defenses of the co-defendants, in conjunction with the fact that appellant was unable to cross examine defendant Garfield at trial in regard to his antagonistic defense, we must agree that the trial court's refusal to grant severance was error. Compare *Cain,* supra, p. 131, holding that "[s]ince [appellant] had a chance to cross examine the co-defendant, he was not unfairly prejudiced by the contradictory testimony." Compare also *Jones v. State,* 135 Ga. App. 893 (2) (219 SE2d 585).

Nor does the fact that defendant Price's name was not specifically mentioned in Garfield's defense as the so-called "third party" who allegedly influenced Garfield to disobey the law compel a contrary result. It would be absurd to conclude that Price was not

prejudiced by Garfield's adverse defense merely because Price's name was not used, for it was made abundantly clear (albeit indirectly) that the unnamed third party was indeed defendant Price.

Since appellant has established that his defense and that of his co-defendant were mutually exclusive, and since appellant has demonstrated that he was prejudiced by joinder, we hold that the trial court abused its discretion in overruling defendant Price's motion to sever.

Moreover, "having read the transcript of the trial, which shows numerous disagreements between ... defense counsel with respect to the admission and exclusion of evidence, we conclude that [defendant's motion] for severance should have been granted ..." *Reeves v. State,* 237 Ga. 1, 4 (226 SE2d 567).

2. Appellant contends that his conviction of 150 counts of conspiracy to unlawfully prescribe controlled substances was error in that, if there was an unlawful conspiracy to prescribe controlled substances, there was only one such conspiracy and that, therefore, the 150 counts constitute an improper multiplication of counts. We disagree.

Where, as here, each count constitutes a separate transaction, although similar in nature, each count alleging a specific date and an overt act constituting the crime of conspiracy, the multiple-count indictment was not improper. See generally Stephens v. United States, 347 F2d 722 (4) (5th Cir. 1965). Cf. *Leverenz v. State,* 140 Ga. App. 632 (4) (231 SE2d 513); *Strauss v. State,* 113 Ga. App. 90 (2) (147 SE2d 367).

Contrary to appellant's contentions the indictment did not charge a general offense, "but each count charged a particular offense, for the conviction of which the defendant could be sentenced separately ..." *Williams v. State,* 133 Ga. App. 66 (4) (209 SE2d 729). See also *Martin v. State,* 73 Ga. App. 573 (3) (37 SE2d 411).

"The indictment was so framed that the jury could, if the evidence so authorized, legally acquit the defendant on some of the counts and convict him on others." *Bulfin v. State,* 38 Ga. App. 358, 359 (144 SE 15). That such is the case here is evidenced by the trial court's grant of a directed verdict of acquittal on 18 of the original 168 counts of the indictment. This enumeration of error does not therefore present grounds for reversal.

3. The trial court charged the jury that it was not necessary that the conspirators formally meet or agree to conspire but that "an understanding that [the parties] accomplish the unlawful design may be sufficient" to prove conspiracy, further instructing the jury that "[p]resence, companionship, and conduct before and after the

commission of the alleged offense may be considered by the jury and are circumstances which may give rise to an inference of the existence of a conspiracy." Since the court's instructions stated a correct principle of law (*Chappell v. State,* 209 Ga. 701 (75 SE2d 417); *Thornton v. State,* 119 Ga. 437, 439 (46 SE 640)), the court's charge on conspiracy was not erroneous for the reason assigned.

4. Notwithstanding defendant's allegations to the contrary, the trial court charged the principle contained in defendant's requests to charge 42A and 42B by instructing the jury to consider whether or not each count, separately, was supported by evidence beyond a reasonable doubt.

5. Since the jury instruction on parties to a crime stated a correct principle of law and was applicable to the evidence (in that the court indirectly indicated in such charge that appellant and his co-defendant could be convicted of the offenses charged despite the fact that the "script passers" may not yet have been convicted), we find no error in the court's charge in this regard.

6. Appellant contends that it was improper to indict him under and convict him of violations of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8; Ga. L. 1974, p. 221) instead of the Dangerous Drug Act (Code Ann. Ch. 79A-7; Ga. L. 1967, p. 296 et seq., as amended). This argument is based on appellant's assertion that the drugs involved in this case are covered by both Acts.

Pursuant to Code Ann. § 79A-306, the State Drug Inspector produces a compilation of those substances covered by the Dangerous Drug Act. That compilation being an official act of the State Board of Pharmacy, we are authorized to take judicial notice of the list. *State v. Bonini,* 236 Ga. 896 (2) (225 SE2d 907). We have taken such notice of the list in effect at the time covered by the indictment under which appellant was tried: none of the drugs here involved appear on that list. It may be seen, then, that there is no overlap between the Controlled Substances Act and the Dangerous Drug Act insofar as the drugs in this case are concerned, and appellant's argument to that effect is wholly without merit.

7. Other enumerations of error concern occurrences at trial unlikely to recur on retrial. Since we are reversing for the reason stated in Division 1 of this opinion, we deem it unnecessary to address those enumerations of error.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED APRIL 10, 1980 — DECIDED MAY 29, 1980 —
REHEARING DENIED JULY 8, 1980 —

*Al Horn,* for appellant.

*Robert E. Keller, District Attorney,* for appellee.