## 36664. PRICE v. THE STATE.

MARSHALL, Justice.

In this case, the appellant Price and a co-defendant Dr. Garfield were convicted on 150 counts of a 168-count indictment. Each count of the indictment charged the defendants "with the offense of violation of the Georgia Controlled Substances Act" in that in Clayton County "on [a specified date]" they "did conspire to unlawfully prescribe [a specified controlled substance] in violation of the Georgia Controlled Substances Act by making a prescription in the name of [a specified individual] dated [a specified date]" and "said prescription was not made for a legitimate medical purpose and

said accused Herbert I. Garfield is subject to the requirement of Georgia law governing prescriptions and said date is a material allegation to this charge."[1] The date of conspiracy, the controlled substance, the name of the person to whom the prescription was made out, and the date of the prescription, vary from count to count.

On appeal, the Court of Appeals reversed the appellant Price's conviction on the ground that the trial court erred in refusing to sever his trial from that of co-defendant Garfield.[2] *Price v. State,* 155 Ga. App. 206 (270 SE2d 203) (1980). However, the Court of Appeals rejected the appellant's argument that his conviction of 150 counts of conspiracy to unlawfully prescribe controlled substances was error, in that there was only one conspiracy. We granted certiorari to review this latter ruling.

The evidence shows, and the state concedes, that there was only one overall scheme between Garfield and Price under which Garfield would write the illegal prescriptions and deliver them to Price, who would use various "script runners" to fill the prescriptions. The state argues that the multiple counts of the indictment charged multiple conspiracies, not under the general conspiracy statute codified at Code Ann. § 26-3201 (Ga. L. 1968, pp. 1249, 1335; as amended), but rather under a special conspiracy statute found at § 79A-812 of the Controlled Substances Act (Code Ann. § 79A-812; Ga. L. 1974, pp. 221, 244): "Any person who attempts or conspires to commit any offense defined in this Chapter shall be punished by imprisonment not exceeding the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."[3] See *Hammock v. Zant,* 244 Ga. 863 (262 SE2d 82) (1979)

---

[1] If the indictment alleges the date of the offense to be material, the proof must correspond to the date alleged and a res judicata plea does not lie as to any other date. On the other hand, if the indictment does not allege the date of the offense to be material, the defendant may be convicted of the offense alleged in the indictment on any date within the statute of limitations, and res judicata may be pleaded to any other similar offense within such period. *Bloodworth v. State,* 128 Ga. App. 657 (1) (197 SE2d 423) (1973).

[2] In this regard, the Court of Appeals held that Price's and Garfield's defenses were antagonistic, and the denial of the motion to sever prejudiced Price because he had been unable to cross examine Garfield at trial.

[3] The primary difference between the two conspiracy statutes is that under § 26-3201 a person convicted of criminal conspiracy to commit a felony cannot be imprisoned for more than one half the maximum period of time for which he could have been sentenced if he had been convicted of the crime conspired to have been committed; however, a person convicted of conspiracy under § 79A-812 can be

(holding that in order for one to be guilty of a conspiracy under § 79A-812, one or more of the conspirators must commit an overt act, as required by § 26-3201). *Held:*

It is true that when a conspiracy contemplates the commission of more than one substantive offense, and there are separate conspiracy statutes separately punishing a conspiracy to commit each offense, a separate conviction under each conspiracy statute may be authorized. United States v. Garner, 574 F2d 1141, 1146-1147 (4th Cir. 1978); United States v. Houltin, 525 F2d 943 (5th Cir. 1976), as modified in United States v. Houltin, 553 F2d 991 (5th Cir. 1977). We do not, however, deal with this question, because it is uncontroverted that here the prosecution is for multiple violation of only one conspiracy statute, § 79A-812.

It is also true that where multiple overt acts are committed pursuant to what is albeit a single conspiracy, and each overt act constitutes a separate substantive offense, there may be multiple convictions for the multiple substantive offenses. *Leverenz v. State,* 140 Ga. App. 632 (4) (231 SE2d 513) (1976); *Strauss v. State,* 113 Ga. App. 90 (2) (147 SE2d 367) (1966). We do not deal with this question either, since it is acknowledged by the state that what we are dealing with here are multiple conspiracy convictions under a multi-count conspiracy indictment.

This being the case, the appellant can only be convicted of one offense of conspiracy to violate the Controlled Substances Act, in that the evidence shows only one conspiracy.

Under principles enunciated in Braverman v. United States, 317 U. S. 49, 53 (63 SC 99, 87 LE 23) (1942), whether the object of a single agreement is to commit one or many crimes, it is in either case the agreement that constitutes the conspiracy, and if there is only one agreement there can be only one conspiracy. United States v. Marable, 578 F2d 151, 153 (5th Cir. 1978). "If there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy, then it is one conspiracy. [Cit.] If that agreement contemplates bringing to pass a continuous result that will not continue without the continuous cooperation of the conspirators to keep it up, then such agreement constitutes a single conspiracy. [Cit.] And the same is true as to an agreement that contemplates that the activity will be repeated sometimes with, sometimes not, the same actors." United States v.

punished by imprisonment up to the maximum punishment prescribed for the offense which was the object of the conspiracy.

Perez, 489 F2d 51, 62 (5th Cir. 1973). "[I]t is a perversion of natural thought and of natural language to call such continuous co-operation a cinematographic series of distinct conspiracies, rather than to call it a single one." United States v. Palermo, 410 F2d 468, 470 (7th Cir. 1969) and cit.[4]

In our opinion, Pinkerton v. United States, 328 U. S. 640 (66 SC 1180, 90 LE 1489) (1946), relied on by the dissent, is inapposite here. In Pinkerton, the defendants were indicted for one count of conspiracy to violate the Internal Revenue Code and for multiple substantive offenses under the Internal Revenue Code. Some of the overt acts charged in the conspiracy count were the same acts constituting the substantive offenses. The Court held that under federal law, the substantive offenses were not merged into the conspiracy and, therefore, the defendants could be separately convicted and punished for the substantive offenses and the conspiracy to commit them. Thus, what the Pinkerton case involves is the question of merger of offenses, and on this subject Pinkerton applies a federal rule that is, in fact, diametrically opposed to the rule in Georgia. See *Crosby v. State,* 232 Ga. 599 (3) (207 SE2d 515) (1974) and cits.

Pinkerton does not hold that a defendant can be convicted on multiple counts of a multi-count conspiracy indictment, if the evidence at trial shows the commission of multiple substantive offenses that are the object of what is one conspiracy.[5] If this had been

---

[4] As these cases show, the multi-single conspiracy dichotomy presents problems in variant situations.

In the present case, the appellant is arguing that the indictment contains an improper multiplication of conspiracy counts, in that the evidence shows only one conspiracy; and, therefore, his convictions of multiple conspiracies cannot be sustained. This is a substantive double-jeopardy argument.

In cases such as United States v. Palermo, supra, and United States v. Marable, supra, the defendants were asserting a procedural double-jeopardy argument — that is, they were arguing that the state was barred by the double-jeopardy clause from bringing successive conspiracy prosecutions, in that the evidence showed only one conspiracy.

Perhaps, the more common multi-single conspiracy argument is found in cases such as United States v. Perez, supra, where the defendants claimed that the indictment improperly charged one conspiracy, whereas the proof at trial showed multiple conspiracies; and, therefore, the defendants were prejudiced by misjoinder of offenses and denial of severance.

[5] We do note, however, that cases exemplified by Stephens v. United States, 347 F2d 722 (4) (5th Cir. 1965) hold that an improper conviction on multiple counts of a conspiracy indictment is harmless error where the defendant's sentence is within legal limits for conviction of a single conspiracy.

the holding of Pinkerton, it would have overruled Braverman v. United States, supra. Instead, Braverman was distinguished in Pinkerton on the ground that, "[i]n the Braverman case the indictment charged no substantive offense . . . That case is not apposite here. For the offenses charged and proved were not only a conspiracy but substantive offenses as well." 328 U. S., at p. 642. To hold that a defendant could be convicted of a substantive offense under an indictment charging only a conspiracy to commit the offense would be to say that under an indictment for the lesser offense, the defendant can be convicted of the greater offense, if it is supported by the evidence. This is not the law in Georgia (see *Watson v. State,* 116 Ga. 607 (43 SE 32) (1902); *Gardner v. State,* 105 Ga. 662 (31 SE 577) (1898); *Andrews v. State,* 55 Ga. App. 766 (191 SE 282) (1937); *Hall v. State,* 41 Ga. App. 368 (3) (153 SE 199) (1930)) and, as far as we have been able to ascertain, it is not the law in any other jurisdiction. See generally Indictments and Informations, 42 CJS, § 300; Indictments and Informations, 41 AmJur2d, § 313.

Finally, we note that we are not unmindful that a logical argument could be made that the indictment here charges, not multiple conspiracies, but multiple substantive offenses with conspiracy being alleged as the method of committing these offenses. We do not so hold, because the state in its brief before this court and the Court of Appeals takes the position that each count of the indictment charges the defendant with conspiracy and the trial judge so charged the jury.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents. Gregory, J., not participating.*

DECIDED JANUARY 27, 1981.

*Al Horn, Bruce Maloy,* for appellant.
*Bob Keller, District Attorney, Michael D. Anderson, James H. Bradley, Assistant District Attorneys,* for appellee.

UNDERCOFLER, Justice, dissenting.

Jack C. Price was indicted for conspiring with Dr. Herbert I. Garfield under Code Ann. § 79A-812 (Supp. 1980),[1] to commit the substantive offense of prescribing a controlled substance for other

---

[1] Code Ann. § 79A-820 (Supp. 1980) states: "Any person who attempts or conspires to commit any offense defined in this Chapter shall be punished by imprisonment not exceeding the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

than legitimate medical purposes, under Code Ann. § 79A-820 (Supp. 1980).[2] Since Price is a mechanic and not a practitioner under this Code Section, the State chose to proceed under the conspiracy statute.[3] Compare *Garrett v. State,* 243 Ga. 322 (253 SE2d 741) (1979) (State may also sentence as a party one who is not a government employee, but who conspires with an employee to breach his public trust), and Nye & Nissen v. United States, 336 U. S. 613 (69 SC 766, 93 LE 919) (1949).

The majority holds under Braverman v. United States, 317 U. S. 49 (63 SC 99, 87 LE 23) (1942), that "if there is only one agreement there can be only one conspiracy." Majority opinion at p. 60. In Pinkerton v. United States, 328 U. S. 640 (66 SC 1180, 90 LE 1489) (1946), the Supreme Court explained that in the Braverman, supra at pp. 642-3, case, "the indictment charged no substantive offense. Each of the several counts charged a conspiracy to violate a different statute. But only one conspiracy was proved. We held that a single conspiracy . . . violates but a single statute and no penalty greater than the maximum provided for one conspiracy may be imposed. That case is not apposite here. *For the offenses charged and proved were not only a conspiracy but substantive offenses as well.*" (Emphasis supplied.) In Price's case, as in Pinkerton's, the overt acts proved at trial amounted to substantive offenses themselves.[4] "The

---

[2] Code Ann. § 79A-820 (e), (f) and (h) (Supp. 1980), provides: "(e) A controlled substance included in Schedule V shall not be distributed or dispensed other than for a legitimate medical purpose.

(f). No person shall prescribe or order the dispensing of a controlled substance except a registered practitioner who is:

(1) licensed or otherwise authorized by the State of Georgia to prescribe controlled substances; and

(2) acting in the usual course of his professional practice; and

(3) prescribing or ordering such controlled substances for a legitimate medical purpose. . .

(h) It shall be unlawful for any practitioner to issue any prescription document signed in blank. The issuance of such document signed in blank shall be prima facie evidence of a conspiracy to violate this Chapter. The possession of a prescription document signed in blank by a person other than the person whose signature appears thereon shall be prima facie evidence of a conspiracy between the possessor and the signer to violate the provisions of this Chapter."

[3] The punishment set out in Code Ann. § 79A-821 (b) for violating Code Ann. § 79A-820, and thus for violation of Code Ann. § 79A-812, is imprisonment for not more than 5 years and a fine of not more than $25,000, or both. The trial court here sentenced Price to serve 10 years with the rest suspended conditional on good behavior. Under the majority opinion, the maximum penalty would be 5 years.

[4] We also note that like Price, Daniel Pinkerton had not himself directly committed the substantive offenses for which he was charged.

question was submitted to the jury on the theory that each petitioner could be found guilty of the substantive offenses, if it was found at the time those offenses were committed petitioners were parties to an unlawful conspiracy and *the substantive offenses charged were in fact committed in furtherance of it."* (Emphasis supplied.) A review of the record in Price's case reveals clearly that evidence of the actual commission of the substantive offenses was presented to the jury.

Under the authority of Pinkerton, supra, I would hold that Price may be separately convicted for all of the 150 counts which the State proves that he conspired to commit and that were in fact committed.