## 77318. TERRY v. THE STATE.
(379 SE2d 604)

SOGNIER, Judge.

Odis Terry and Gregory H. Powell were tried jointly on charges of possession of cocaine with intent to distribute. The arresting officer, Sergeant Joe Smith, testified at trial that he came upon Terry and Powell sitting hunched over in the front seat of a parked car. Upon observing in plain view two small white rocks, which he believed to be rock cocaine, and certain paraphernalia he knew was used with rock cocaine, Smith arrested both men. Terry was convicted of possession with intent to distribute while Powell was convicted of possession, and Terry filed this appeal.

1. Appellant first enumerates as error the trial court's failure to grant his motion to sever made after the court refused to allow appellant to impeach Powell with evidence of prior convictions. The record discloses that Powell testified on his own behalf at trial, and denied any prior knowledge of the drugs and drug paraphernalia that Sergeant Smith had stated he found in the car in which appellant and Powell were seated. Powell also stated that he was outside the car when the officer approached, although he admitted being the driver. Appellant then made an offer of proof regarding Powell's prior criminal record, but the trial judge refused to allow appellant to question Powell regarding the convictions on the ground that to do so would violate Powell's right to a fair trial. At that point appellant renewed his motion to sever (which he had previously made but withdrawn), and the trial court denied the motion.

Whether or not a motion for severance should be granted rests in the sound discretion of the trial court, but severance should be

granted "before or during the trial whenever it appears 'necessary to achieve a fair determination of the guilt or innocence of a defendant.' [Cit.]" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). When deciding a motion to sever, the court must consider whether the number of defendants will create confusion of the evidence and law applicable to each, the risk that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court, and whether the defenses of the defendants are antagonistic to each other or to each other's rights. Id. Further, the court must determine whether the failure to sever will lead to prejudice resulting in a denial of due process. *House v. State*, 170 Ga. App. 88, 90 (4) (316 SE2d 483) (1984).

In the case at bar, appellant contends Powell's testimony was antagonistic to appellant's defense because it conflicted with appellant's argument that both defendants were in joint possession of the cocaine and thus appellant was sharing the drugs with Powell and the other witness rather than selling to them. However, as appellant did not testify at trial and presented no evidence in his defense, there is no evidence in the record before us that indicates his defense was antagonistic to that of Powell. See *Rampley v. State*, 166 Ga. App. 521, 523 (2) (304 SE2d 574) (1983); compare *Price v. State*, 155 Ga. App. 206 (1) (270 SE2d 203) (1980), rev'd on other grounds, 247 Ga. 58 (273 SE2d 854) (1981). Appellant does not contend, nor does our review of the record cause us to conclude, that any confusion of the evidence and law was created, or that there was a risk that evidence admissible only against Powell was considered by the jury against appellant. Accordingly, we find no abuse of discretion in the trial court's denial of appellant's motion to sever. See *Rampley*, supra at 523 (2). We note that while the trial court's ruling precluding appellant from introducing evidence of Powell's prior criminal conviction may have denied appellant his right to a thorough cross-examination, see *Lingerfelt v. State*, 235 Ga. 139, 140 (218 SE2d 752) (1975), that objection was not made below, nor was the ruling enumerated as error, and thus we cannot consider it. See *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987).

2. Appellant contends the trial court erred by refusing to allow him to cross-examine Sergeant Smith regarding a prior inconsistent statement. At trial Sergeant Smith testified that the evidence showed the defendants possessed cocaine with intent to distribute, whereas the criminal warrant sworn to by Smith charged appellant with possession only. A witness may be impeached by previous contradictory statements, OCGA § 24-9-83; *Buffington v. State*, 171 Ga. App. 919, 921 (3) (321 SE2d 418) (1984), and accordingly we agree with appellant that the trial court should have permitted the question. However, "[t]he burden is on the party claiming error not only to show error,

but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. [Cit.]" *Steward v. State*, 180 Ga. App. 266, 267 (349 SE2d 18) (1986). We find no such error here.

3. There was no error in the trial court's admission into evidence of drug paraphernalia used to smoke rock cocaine found in the possession of a third party who was standing next to the car in which appellant and Powell were sitting when Sergeant Smith arrived. This evidence was admissible to show intent to distribute cocaine, and as part of the circumstances connected with appellant's arrest. See generally *Thompson v. State*, 168 Ga. App. 734, 735 (2) (310 SE2d 725) (1983).

*Judgment affirmed. Deen, P. J., concurs. Carley, C. J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED MARCH 2, 1989.

*Short & Fowler, Lester M. Castellow*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.