A90A2115. JACKSON v. THE STATE.
(401 SE2d 615)

BIRDSONG, Presiding Judge.

James N. Jackson appeals his conviction of possession with intent to distribute cocaine. *Held*:

1. The State's evidence showed that after receiving complaints about noise and disturbance, and an unsuccessful police request to disperse and calm down, police officers in Rome, Georgia, converged upon a group of about 20 persons gathered at a housing project. Six persons attempted to run into the woods but were intercepted by two officers, and ran immediately to the second floor landing or porch of a nearby apartment building. Five of the persons ran up and stood against the apartment front wall, but one person (appellant) went to the outside corner of the porch at the iron railing. Officer Lively, who was in close pursuit, saw appellant go over the railing and stand at the edge of the landing. Officer Lively could not see appellant from about the waist down because of a carpet hung over the rail, but he did see appellant bend down and start messing with his ankle area; and he saw appellant's arm, from about the elbow, go back in a throwing or tossing motion. After three demands, appellant was made to "freeze" up against the wall with the others. Officer Lively went downstairs and looked on the ground. Within 45 seconds after he saw

appellant's arm go down, he found a plastic bag containing smaller bags of white powder; the bag looked "fresh" and did not appear weathered. He found the bag directly below appellant, about three feet out from where appellant was standing on the landing above. Appellant was arrested for violation of the Georgia Controlled Substances Act and the other five were arrested for violation of the city noise ordinance. All persons were searched; $865 in cash was found in appellant's sock.

We find this evidence, when viewed in a light most favorable to the verdict, to be sufficient to convince a rational trier of fact of appellant's guilt of possession of cocaine with intent to distribute, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not abuse its discretion in refusing appellant's "modest" request for a short recess to locate a witness. The witness was a court reporter who apparently had charge of the transcript of the preliminary hearing in the case, which appellant contends would show Officer Lively did not testify at the preliminary hearing that he saw appellant's arm make a throwing or tossing movement as he stood at the edge of the landing.

Appellant's attorney requested the recess during the State's presentation of evidence, after the court had recessed at 10:20 to allow time for the State's next witness to arrive. Defense counsel stated he had called the reporter at his office and expected the witness within ten minutes of the call. The trial court agreed to recess until 11:00 to allow both the State's next witness and the defense witness to arrive. When court reconvened, appellant stated that the court reporter witness had been subpoenaed to bring his tapes and transcript of the preliminary hearing, but that the reporter was located in another town; the defense attorney would not know when the witness could be expected until he called the reporter's officer to find out. The attorney had not attended the preliminary hearing and stated he did not know whether the transcripts would show the officer had not testified he saw appellant's arm go back in a throwing or tossing movement. The trial court refused a recess.

The statements of defense counsel in the record as to this witness are very unclear in the record, and the trial court clearly was not satisfied either that the witness had been duly subpoenaed or that a transcript would show the officers had given inconsistent testimony. In these circumstances, the trial court's refusal to grant a recess in the middle of the State's case to wait for the arrival of a defense witness from another town was not an abuse of discretion (*Grimes v. State*, 168 Ga. App. 372 (308 SE2d 863)), particularly since the attorney did not even know what the witness would testify to or show. The attorney had ample opportunity to cross-examine the officer as to

what he might have testified to elsewhere; moreover, it is not suggested that the attorney ever again, anytime at trial, made any attempt to get the witness. If the witness was available at all, if he was duly subpoenaed and refused to appear, or if the transcript would in fact have proved the officer's testimony had been different at the preliminary hearing, appellant has failed utterly to show it on appeal. Appellant has shown neither error nor injury. *Terry v. State*, 190 Ga. App. 570, 571-572 (379 SE2d 604).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1991.

*Clayton Hollingsworth, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.