## 27010. DUTTON v. THE STATE.

HAWES, Justice. Hubert Allen Dutton was indicted by separate bills for the offense of murder and for the offense of burglary. He pleaded not guilty and elected to have the two indictments tried together. The jury returned separate verdicts, finding him guilty of murder with a recommendation of mercy and finding him guilty of the offense of burglary and fixing his punishment at five years imprisonment. He was sentenced to life imrpisonment on the murder conviction and to serve five years on the burglary conviction. He filed a motion for a new trial which, as amended, was overruled, and he appealed from the judgments of conviction, from the sentences and from the order overruling his motion for a new trial.

1. The accused made a motion to suppress certain physical evidence which he alleged was obtained by an illegal search. That motion was overruled and that judgment forms the basis for appellant's first ground of enumerated error. Not long after the burglary was alleged to have been committed, accused and two companions were apprehended by police officers who had set up a road block in the outskirts of Cornelia. The accused was driving the 1965 Chrysler automobile in which the parties were riding. By the use of flashlights the officers were able to observe on the seats and on the floorboard of the automobile two shotguns and numerous items of mer-

chandise. Based on information obtained by communication with the police in Hall County the Cornelia police detained appellant and his companions and carried them to the police station in Cornelia. One of the police officers drove the Chrysler to the police station in Cornelia. Sometime after the arrival at the police station in Cornelia and after the accused and his companions had been placed under arrest, a search was made of the automobile where the evidence in question was recovered. No warrant was obtained for this search. However, it appears that the automobile was a stolen automobile and was not the property of accused, nor was the accused driving the same with the permission of the owner or with the permission of anyone entitled to the possession of the automobile. Under these circumstances, the accused had no standing to invoke constitutional guarantees against its search, even if the same should apply to the search of an automobile and he cannot invoke those guarantees so as to exclude the evidence in question. *Roach v. State,* 221 Ga. 783 (8) (147 SE2d 299); *Marsh v. State,* 223 Ga. 590 (1) (157 SE2d 273). The right to object to an unreasonable search and seizure is a privilege which is personal to those whose rights have been infringed, and the appellant here was not entitled to object to the search of an automobile which was not his property or in which he had no right of exclusive possession. This ground shows no cause for a reversal.

2. Appellant contends that the court erred in denying his motion for a continuance. The sole basis upon which he sought a continuance was that there had been a large amount of newspaper publicity concerning the crime of which the accused was charged and that this had so inflamed the populace of Hall County that it was impossible for him to obtain a fair and impartial jury to try his case. A motion for a continuance is addressed to the sound discretion of the trial judge, and the refusal to grant a continuance will not be disturbed by the appellate courts unless it clearly appears that the judge

abused his discretion in this regard. *Moore v. State,* 202 Ga. 357 (2) (43 SE2d 251); *Butts v. State,* 211 Ga. 16 (1) (83 SE2d 610); *Harris v. State,* 211 Ga. 327, 328 (85 SE2d 770); *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764); *Hall v. State,* 213 Ga. 557 (1) (100 SE2d 176). The motion for a continuance in this case is based on the ground of inflammatory newspaper publicity concerning the crime and stands on substantially the same footing as a motion for a change of venue on that ground. While there was a general showing that the newspaper in which the alleged inflammatory articles had been carried was widely read in Gainesville and in Hall County, Georgia, where the trial was to be held, there was no showing that a fair and impartial trial could not be had in Hall County or that the jurors who had been summoned to try the case had read the articles and formed fixed opinions as to the guilt or innocence of the accused from reading them, or that the right of the accused to have a fair and impartial jury could not be adequately protected by his right of challenge to the poll, to have voir dire questions propounded and to have peremptory challenges. From the fact that one local daily newspaper had given a large amount of publicity to the case, it does not necessarily follow that such prejudice existed in the whole county as to make a fair and impartial trial at that time impossible. Proof that prejudice exists, or that a derogatory article had been published in the newspapers in one of the cities of the county, is not proof that a fair trial cannot be had in the county at large, or that the county as a whole is prejudiced, and such proof is not sufficient standing alone to show that the trial judge abused his discretion in refusing the motion for a continuance. *Morgan v. State,* 211 Ga. 172, 175 (84 SE2d 365); *Williams v. State,* 222 Ga. 208, 210 (149 SE2d 449). The denial of the motion for a continuance shows no cause for reversal of the judgment.

3. In ground 3 of appellant's enumeration of errors he contends that the court erred in failing to charge without

request that the jury might convict the defendant of conspiracy to commit the crime of murder and the crime of burglary. There is no merit in this contention. The evidence presented by the State showed without dispute that both of these crimes had been committed. It also showed that the accused was apprehended while driving an automobile wherein much, if not all, of the merchandise taken in the burglary was found after he was stopped and the automobile searched. The defendant did not deny in his unsworn statement that these crimes had been committed, but merely contended that they were committed by his companions, without his foreknowledge, and that after he learned from them when they returned to the automobile that they had been committed he began to plan to escape from their company. Under all the facts proved by the State and admitted by the defendant in his statement, the jury was authorized to find that the defendant was a party to the crime as defined in *Code Ann.* § 26-801. While it may be that conspiracy as defined in *Code Ann.* § 26-3201 is a lesser included offense in any indictment charging the commission of a crime, a matter which we are not called upon to decide here, it clearly is merged into the greater crime where the evidence shows without dispute that the crime charged was actually committed, or that all of the essential acts constituting the crime were committed. The evidence here showed without dispute the crime to have been complete and the omission to charge on conspiracy was not error. See *Kelsey v. State,* 62 Ga. 558; *Harris v. State,* 101 Ga. 530 (29 SE 423); *Welborn v. State,* 116 Ga. 522, 524 (42 SE 773); *Kennedy v. State,* 10 Ga. App. 794 (74 SE 95); *Brooking v. State,* 33 Ga. App. 49 (125 SE 504); *Knight v. State,* 52 Ga. App. 199 (182 SE 684).

4. Assuming, but not deciding, that where the appellant, who had been indicted on two felony charges, to wit: murder and burglary, elected to have the two charges tried together, he was entitled to more than 20 peremptory challenges of jurors, where the record also shows

that in selecting the jury the accused used only 18 of the 20 peremptory challenges allowed him by the court, the failure to allow him additional challenges could not have been harmful or reversible error. None of the cases cited and relied on by the appellant requires a different ruling.

5. The final contention of the appellant relates to the sufficiency of the evidence to support the verdict. Without detailing the evidence it is sufficient to say that it showed that after the burglary and killing were reported to the police an all points bulletin was issued for the suspects and a short time later the defendant was apprehended on the outskirts of Cornelia, Georgia, not more than 40 miles from the scene of the crime, driving an automobile wherein was found much, if not all, of the merchandise taken in the burglary. The defendant denied having participated in the actual entry to the burgled premises, but it was a question for the jury as to whether he was a party to the crime within the definition embodied in *Code Ann.* § 26-801 so as to be chargeable for its commission. The evidence was clearly sufficient to authorize the verdict of guilty.

*Judgment affirmed. All the Justices concur.*
SUBMITTED FEBRUARY 14, 1972—DECIDED APRIL 6, 1972.

*Telford, Stewart & Stephens, Charles W. Stephens,* for appellant.

*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.