## 28988. CROSBY v. THE STATE.

Nichols, Presiding Justice.

Abe Crosby, Jr. was indicted by the Grand Jury of Bibb County in a multiple count indictment with conspiring to commit designated crimes and theft by receiving stolen property. The defendant's demurrers to such multiple count indictment were overruled. On the

trial of the case a motion for a directed verdict of acquittal was granted as to one count of the indictment, but denied as to the other three counts. The jury found the defendant guilty on the remaining three counts and fixed sentences (two to run concurrently and one to follow), as authorized by the charge of the court. A motion for new trial was filed but later dismissed and the present appeal filed in this court.

1. While numerous demurrers were filed to the indictment the only question specifically argued in the brief for the appellant in this court deals with the failure of the indictment to allege whether all persons involved in falsifying two motor vehicle identification numbers were known or unknown.

The conspiracy counts of the indictment alleged numerous overt acts done by the appellant and the other named persons as well as other persons unknown. When these counts of the indictment are read in their entirety it is obvious that the others referred to, and complained of as not being identified, were persons unknown. The trial court did not err in overruling the demurrers to these allegations of indictment.

2. It has long been the rule that certain crimes which are of a continuing nature may be prosecuted, at the election of the state, in any county through which the defendant travels while continuing the commission of the crime. Where a larceny is committed in one county and the property stolen is removed to another county the crime is considered as having been committed in each county and is punishable in either. Compare *Green v. State,* 114 Ga. 918 (2) (41 SE 55); *Morton v. State,* 118 Ga. 306 (45 SE 395). The crimes here being of a continuing nature, and venue being in any county where the defendant knowingly receives, disposes of, or retains stolen property except to restore it to the owner, the provisions of Code Ann. § 26-1811 do not violate the constitutional mandate of Art. VI, Sec. XIV, Par. VI of the Constitution of Georgia of 1945 (Code Ann. § 2-4906).

3. Counts 1 and 2 of the indictment charged the defendant with conspiring to commit a series of crimes relating, in each count, to a single automobile. The crimes were so interrelated that the entering of the conspiracy

at any stage of the transaction would of necessity include the defendant in the total conspiracy. The conspiracy consisted of stealing an automobile, receiving an automobile known to be stolen, hindering the apprehension and punishment of the principals involved, and with violating various provisions of the Motor Vehicle Title Act relating to the removal, falsification, etc. of identification numbers of motor vehicles. The crime charged in each of these counts is a conspiracy. Code Ann. Ch. 26-32. The total conspiracy consisted of a number of felonies. Once the total conspiracy is proved it is only necessary to prove as to the individual defendant that somewhere along the way he joined such conspiracy. As is said in 16 AmJur2d 135, Conspiracy, § 15, "One who joins a conspiracy after its formation is equally culpable with the original members, and is responsible for all that has previously been done pursuant to the conspiracy. He is criminally liable on joining an existing conspiracy although he does not know the other conspirators."

One who joins a conspiracy takes it as he finds it and is responsible for acts previously done in carrying out such conspiracy. He also is responsible for actions taken in furtherance of such conspiracy until such conspiracy is ended up to and including such matters as concealing the crime or suppressing evidence.

"Prior to the passage of the Act approved March 18, 1968 (Ga. L. 1968, p. 326), except as provided in former Code § 26-1901 relating to conspiracy to falsely charge another with the commission of a crime, there was no separate crime of conspiracy in Georgia. The provisions of the 1968 Act which were repealed by the enactment of the Criminal Code of Georgia were substantially embodied in Ch. 26-32 of that Code which became effective on July 1, 1969. It is manifest from a reading of that chapter of the Criminal Code of Georgia that it was the intent of the legislature to make conspiracy itself a separate crime only in cases where the crime conspired to be committed had not in fact been committed, that is, where the conspiracy had been, so to speak, 'nipped in the bud.' Section 26-801 of the Criminal Code of Georgia defines parties to a crime and provides that every person

concerned in the commission of a crime is a party thereto and may be charged and convicted of the commission of the crime. Insofar as is material to this case, that section provides that a person is concerned in the commission of a crime if he intentionally aids or abets in the commission of the crime, or advises, encourages, hires, counsels or procures another to commit the crime." *Scott v. State,* 229 Ga. 541, 543 (192 SE2d 367).

In *Dutton v. State,* 228 Ga. 850, 853 (188 SE2d 794), it was held: "While it may be that conspiracy as defined in Code Ann. § 26-3201 is a lesser included offense in any indictment charging the commission of a crime, a matter which we are not called upon to decide here, it clearly is merged into the greater crime where the evidence shows without dispute that the crime charged was actually committed, or that all of the essential acts constituting the crime were committed. The evidence here showed without dispute the crime to have been complete and the omission to charge on conspiracy was not error. See *Kelsey v. State,* 62 Ga. 558; *Harris v. State,* 101 Ga. 530 (29 SE 423); *Welborn v. State,* 116 Ga. 522, 524 (42 SE 773); *Kennedy v. State,* 10 Ga. App. 794 (74 SE 95); *Brooking v. State,* 33 Ga. App. 49 (125 SE 504); *Knight v. State,* 52 Ga. App. 199 (182 SE 684)." See also *Ward v. State,* 231 Ga. 484 (202 SE2d 421); *State v. Estevez,* 232 Ga. 316.

Accordingly, it was not error to refuse to instruct the jury that it was necessary to find the defendant guilty of having conspired to commit each of the crimes charged in the conspiracy counts of the indictment. However, inasmuch as the jury found the defendant guilty of the completed crime of receiving stolen property, as alleged in Count 4 of the indictment, the guilty verdict on Count 2 of conspiring to commit this crime among others would not be authorized and must be set aside.

4. Code Ann. § 27-2101 provides that the trial court has a discretion in a case such as the one here on review, where the defendants are jointly indicted, to permit severance and separate trials for each defendant. The record in this case does not disclose that the trial court abused this discretion, either in permitting the severance or in permitting a joint indictee to testify on the trial of the defendant here.

5. Assuming but not deciding that the request to charge contained in request number six of the defendant's request stated a correct principle of law, yet inasmuch as the charge given by the trial court covered completely and accurately the principle of law there imbodied it was not reversible error to refuse to give the written request in the exact language requested.

6. Without detailing all of the evidence involved in this case suffice it to say that the state proved each of the elements necessary to support the verdict. This was done, not by inferences based upon inferences as contended by the appellant, but by proving the various elements of the total crimes, although much of such evidence was circumstantial evidence.

The convictions as to Counts 1 and 4 were authorized by the evidence and no error of law appearing such convictions must be affirmed.

The conviction as to Count 2 must be reversed. Compare *Roberts v. State,* 228 Ga. 298, 300 (185 SE2d 385); *Estevez v. State,* 130 Ga. App. 215, 217 (202 SE2d 686), affirmed, *State v. Estevez,* 232 Ga. 316, supra.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

ARGUED JUNE 12, 1974 — DECIDED JULY 16, 1974 — REHEARING DENIED JULY 30, 1974.

*Byrd, Groover & Buford, Denmark Groover, Jr., Harry F. Thompson,* for appellant.

*Fred M. Hasty, District Attorney, Don Thompson,* for appellee.

*Note:* Pursuant to direction from the Supreme Court opinions will not be published in the following sixteen

(16) habeas corpus cases. Rule 33 (k), Supreme Court Rules.