## 34064. ROBERTS v. THE STATE.

NICHOLS, Chief Justice.

Appellant and two companions entered a convenience store for the purpose of committing an armed robbery. After the trio temporarily posed as customers, appellant approached the check-out counter, pulled a pistol and said, "This is a hold-up." Before the trio could obtain any money from the cash register or from customers, one of appellant's companions shot and killed a customer because he believed the customer was trying to telephone the police. Appellant's primary contention at trial was that he had abandoned any conspiracy to commit the offense of armed robbery prior to the time his companion shot the customer.

1. Appellant first contends that the trial court erred in allowing into evidence the testimony of a witness identifying appellant as the man who had robbed her in the store at gunpoint four days prior to the offense for which the appellant was found guilty in this case. The state contends that the testimony was admissible under an exception to Code Ann. § 38-202, which section

generally excludes testimony as to the general character of the defendant. There are many exceptions to the general rule. See *Thomas v. State,* 239 Ga. 734, 736-37 (238 SE2d 888) (1977). The state contends that the testimony is admissible to show intent, motive, plan, scheme, and bent of mind of the appellant. This court agrees. *Davis v. State,* 233 Ga. 638, 639 (2) (212 SE2d 814) (1975).

Furthermore, the admission of this testimony was harmless and will not affect the validity of the trial court's judgment because the evidence against the appellant is overwhelming and establishes that he did not withdraw his agreement or abandon his plan in sufficient time or manner to absolve himself from the consequences of the action of his companions. *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515) (1977). "[I]t is not necessary that the crime of murder should be part of the original design; but it is enough that it be one of the incidental and probable consequences of the execution of the design of the parties, and should appear at the moment to one of the participants to be expedient to the common purpose. In such a case, the intent and act of the slayer is imputable to the other party, though he be merely present and he himself does not want to inflict the mortal wound." *McClung v. State,* 206 Ga. 421, 424 (57 SE2d 559) (1950). This enumeration of error is without merit.

2. Appellant contends that under the facts of this case the trial court should have charged the jury on conspiracy and on attempted armed robbery as lesser included offenses to the crime of murder. "It is manifest from a reading of [Chapter 26-32] of the Criminal Code of Georgia that it was the intent of the legislature to make conspiracy itself a separate crime only in cases where the crime conspired to be committed had not in fact been committed, that is, where the conspiracy had been, so to speak, 'nipped in the bud.' " *Crosby v. State,* 232 Ga. 599, 601 (207 SE2d 515) (1974). This court need not decide whether or not conspiracy to commit armed robbery is a lesser included offense to malice murder because the evidence establishes without dispute that the crime charged — malice murder — actually was committed; hence, if the conspiracy was a lesser included offense, it

merged into the greater offense, and it was not, therefore, error to decline to charge on conspiracy. *Crosby,* supra. The same rule applies to the request to charge on attempted armed robbery. The offense charged — malice murder — was consummated. Therefore, it was not error to charge on whatever offenses may be deemed to be lesser included offenses to malice murder. *Robinson v. State,* 232 Ga. 123 (205 SE2d 210) (1974).

3. Appellant contends that the trial court erred in refusing to give a charge on the law of conspiracy in the form specifically requested by him. The charge that was given by the trial court covered all applicable principles of law as suggested by the evidence. It was unnecessary for the trial court to charge the applicable principles of law in the exact language requested by the appellant. *Herrmann v. State,* 235 Ga. 400, 402 (220 SE2d 2) (1975); *Kelly v. State,* 241 Ga. 190 (243 SE2d 857) (1978).

4. Finally, the appellant contends that the trial court erred in denying his motion for mistrial based upon the district attorney's having displayed to the jury a .38 caliber pistol and two holsters which were not offered into evidence as exhibits. The question of whether or not to grant a mistrial lies within the sound discretion of the trial court. That decision will not be reversed on appeal absent an abuse of discretion. *Patterson v. State,* 239 Ga. 409, 411 (238 SE2d 2) (1975). In the present case the trial court gave curative instructions as soon as it heard appellant's objections. See *Woods v. State,* 233 Ga. 495, 498 (212 SE2d 322) (1975). The trial court did not abuse its discretion in denying the motion for mistrial. *Patterson v. State,* supra.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED NOVEMBER 30, 1978.

*A. Glen Steedley, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, Nicholas G. Dumich, Special Assistant Attorney General, Lewis R. Slaton, District Attorney, R. David Petersen, A. Thomas*

*Jones, Joseph J. Drolet, Assistant District Attorneys,* for appellee.

