## 63359. EVANS v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, Harold E. (Speedy) Evans, appeals his conviction of theft by receiving stolen property, possession of a motor vehicle with altered identification numbers, conspiracy to commit theft by receiving stolen automobiles, and conspiracy to possess motor vehicles with altered identification numbers. *Held:*

1. On the afternoon of February 19, 1980, law enforcement officers obtained a search warrant to search the premises of defendant Evans' garage. The affiant, Sgt. J. C. Adams, had been investigating the theft of stolen automobiles and subsequent changing of the vehicle identification numbers (VIN) on such automobiles by Farrish Holbrook. Holbrook told Adams that defendant Evans and a man who worked for him, Ricky Satterfield, were the ones who "did the work on the cars." Holbrook stated that he would buy salvaged cars which had been wrecked or junked and order other persons to steal a vehicle to match the salvaged vehicle. He

would use identification numbers of the salvaged vehicle to place on the stolen car and "would create a 'new' vehicle" which he titled and licensed through the state. Holbrook told Adams "vehicles have gone to Speedy [Evans] for the changing of parts and bodies as recent as within the past ten days." The warrant was served on the defendant at about 4 p.m. and the search was discontinued at dark. Sgt. Adams testified he asked Evans if it would be OK to continue "the search warrant, during the daylight hours of the next day. He advised me that would be very agreeable to him . . . [On the following day — February 20th] I advised him that we wanted to continue the search and that if he so desired he could require us to have another search warrant for this day, and he advised me that that would not be necessary, and we started the search at that time." On February 20th the officers seized a 1976 Chevrolet Malibu with the VIN missing; a silver Toyota, Tag No. HBF 976; a GM auto frame with no VIN; a gold colored Pontiac cowl-firewall section; and a Pontiac engine with the VIN ground off. They saw a 1975 Chevrolet Corvette and 1978 Pontiac Trans Am — and examined but did not seize them. When Adams returned to his office he spoke to Holbrook who advised him the Corvette was stolen and was asked if they checked the Trans Am. Adams said he did check it but Evans said "the car was okay." Holbrook told him "there was no way that I checked that car and did not find it to be a stolen vehicle."

Adams had a search warrant issued for the Corvette and took possession of it even though Evans told him "he had built the Corvette from the ground up and knew all about it . . ." Examination showed neither the engine nor the transmission had a VIN. By use of acid on the transmission a partial number was raised and possible combinations of numbers were entered into the NCIC computer. The computer listed the Corvette as stolen from Scott Wynn.

On February 29th Adams returned to Evans' garage without a warrant and told Evans he had been advised the Trans Am was a stolen car and wanted to check it. He testified, Evans "advised me that I could take it and check it just like he'd advised me on the 19th and 20th." Evans told the officers "this car was his, he had bought it for his daughter." Adams took the car directly to another garage and found one set of VIN numbers to be out of alignment.

The trial court found the search warrants valid — being based on probable cause, and that Evans consented to the searches of February 20 and 29. Defendant contends the court erred in denying his motion to suppress. He argues that he was precluded from establishing Holbrook's lack of credibility because the state failed to call him. He also objects to the failure of the state to produce the magistrate who issued the search warrant. These arguments are patently without

merit. The burden is upon the state to establish the lawfulness of the search (Code Ann. § 27-313 (b) (Ga. L. 1966 pp. 567, 571)) — not to produce witnesses the defendant desires to cross examine. The sworn affidavit of the affiant was properly admitted in evidence and its contents established probable cause to search the premises of the defendant if there was a substantial basis for crediting the hearsay of the officer's informant. Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697). That informant, Holbrook, confessed to the offenses of theft and altering VINs on stolen cars. Holbrook's declarations against his own penal interest furnished a substantial reason for crediting his information. *Smith v. State,* 136 Ga. App. 17, 19 (220 SE2d 11), U. S. cert. den. 425 U. S. 938; *Reece v. State,* 152 Ga. App. 760, 762 (264 SE2d 258); *Aldridge v. State,* 153 Ga. App. 744 (1) (266 SE2d 513), U. S. cert. den. 449 U. S. 920; United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723).

It is contended that Holbrook's information was stale. The affirmative statement in the affidavit that defendant was involved in the alleged criminal activities within the past ten days shows the information to be sufficiently current — not stale. *Tuzman v. State,* 145 Ga. App. 761, 764 (244 SE2d 882); *Mitchell v. State,* 239 Ga. 456, 458 (238 SE2d 100).

Defendant argues that this was a general exploratory search. We do not agree. To be valid, a search warrant must contain a description of the premises to be searched and things to be seized with such particularity as to enable a prudent officer executing the warrant to locate the place and things with reasonable certainty. *Jones v. State,* 126 Ga. App. 841, 842 (192 SE2d 171); *Strauss v. Stynchcombe,* 224 Ga. 859, 866 (165 SE2d 302); Stanford v. Texas, 379 U. S. 476, 481 (85 SC 506, 13 LE2d 431). Although the warrant did not specify which particular stolen automobile, engine, frame or transmission, the officers were to search for, " ' "[w]hen circumstances make an exact description of instrumentalities a virtual impossibility, the searching officer can only be expected to describe the generic class of items he is seeking." ' " *Dugan v. State,* 130 Ga. App. 527, 534 (203 SE2d 722). Accord, *Butler v. State,* 130 Ga. App. 469, 473 (203 SE2d 558); *State v. Causey,* 132 Ga. App. 17, 20 (207 SE2d 225). We find the description sufficient under the facts of the instant case.

2. Defendant alleges the trial court erred "in allowing the jury to consider evidence regarding Counts 4 and 5 of Indictment 3803" which accused him of conspiracy to commit the offenses of theft by receiving stolen goods and "altered vehicle identification numbers."

At common law, and now in the majority of states and the Federal courts, conspiracy to commit a crime is an offense separate and distinct from the crime or crimes which are the object of the

conspiracy. 16 AmJur2d 220, Conspiracy, § 5; 22 CJS 755, Criminal Law, § 288. However in Georgia conspiracy is a statutory crime (Code Ann. § 26-3201 (CCG § 26-3201; Ga. L. 1968, pp. 1249, 1335; as amended through 1977, p. 601)), and the Supreme Court has held that conspiracy "clearly is merged into the greater crime where the evidence shows without dispute that the crime charged was actually committed . . ." *Crosby v. State,* 232 Ga. 599, 602 (207 SE2d 515). Thus, the rule in Georgia is contrary to the Federal and general rule that conspiracy and the completed crime do not merge. *Price v. State,* 247 Ga. 58, 61 (273 SE2d 854). Accordingly, it would be improper to convict a defendant of conspiracy to commit a specified crime, and the crime he conspired to commit. *Dutton v. State,* 228 Ga. 850, 853 (188 SE2d 794). However, where the evidence is unclear, uncertain, or in conflict, the state has the option of indicting both ways — charging the conspiracy and the completed crime, and permitting the jury to decide which offense — if any, the evidence supports. *Walker v. State,* 146 Ga. App. 237, 243 (1) (246 SE2d 206); *Lascelles v. State,* 90 Ga. 347 (4) (16 SE 945); see generally 42 CJS 1133, Indictments and Informations, § 179. Where the same offense is charged in different ways the remedy of the defendant is a motion to elect. However, it is discretionary with the trial court as to when an election should be made. *Pippin v. State,* 205 Ga. 316 (5) (53 SE2d 482); see also *Sutton v. State,* 124 Ga. 815 (53 SE 381); 41 AmJur2d 1019-1020, Indictments and Informations, §§ 227, 228. Thus, as the state had the option of charging both offenses to meet the exigencies of proof, and it was not error to refuse to require the state to elect which offense on which to proceed until the case went to the jury, it was not error to permit the jury to hear evidence as to both offenses. *McGraw v. State,* 85 Ga. App. 857 (1) (70 SE2d 141); *Ansley v. State,* 124 Ga. App. 670 (6) (185 SE2d 562).

3. The last enumerated error alleges the general grounds. Count 1 of Indictment 3803 and Count 1 of Indictment 3831 charged the defendant with theft by receiving stolen property. Count 2 of Indictment 3803 alleged the defendant possessed a car with an altered vehicle identification number. We find there is sufficient evidence of record to enable any rational trier of fact to find the defendant guilty of these offenses beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

Count 4 of Indictment 3803 alleged the defendant conspired with Farrish Holbrook to commit the offense of theft by receiving stolen property and that Evans possessed a 1978 Pontiac Trans Am with an altered VIN and an automobile frame with the VIN cut out — and that Holbrook possessed 41 described vehicles with altered vehicle identification numbers to effect the object of the conspiracy.

The defendant was acquitted of the offense of possessing the automobile frame with the VIN cut therefrom. And even though the State had Holbrook on the stand they made no attempt to offer any evidence as to any of the specifically described 41 vehicles he was alleged to have possessed to carry out his conspiracy with the defendant. What happened was that Holbrook testified in response to the following question: "So what you are testifying to this jury is that y'all were in kind of a partnership together, isn't that what you're saying? A. One car, sir. Q. One car? In other words, you and Mr. Evans had an agreement on one car and one car only, is that correct? A. That's correct, sir. Q. Then I'll ask you, sir, if you had an agreement on a total of forty-one cars? A. No, sir . . . Q. Mr. Holbrook, did you and Mr. Evans have any type of partnership arrangement, working arrangement or agreement as to forty-one automobiles? A. No, sir, not on every vehicle, no, sir . . . I'm saying there was only one of these four vehicles in particular here that we had a working agreement with. Q. What kind of car was it and which one? A. The 1974 Chevrolet Nova." Count 4 did not include a 1974 Chevy Nova as one of the cars involved in the conspiracy.

The only remaining automobile in the conspiracy count was a 1978 Pontiac Trans Am — the same vehicle which was the subject of Count 1. As stated above, the law in Georgia is that conspiracy and the completed offense merge and a defendant cannot be convicted of both. *Dutton v. State,* 228 Ga. 850, supra; *Price v. State,* 247 Ga. 58, supra. Accordingly, the finding of guilty of Count 4 must be reversed.

Count 5 of Indictment 3803 alleged the defendant and Holbrook conspired to commit the offense of "altered vehicle identification numbers" and that Evans possessed the 1978 Pontiac Trans Am, and the automobile frame without a VIN and that Holbrook possessed the described 41 motor vehicles to effect the object of the conspiracy. The same analysis of the evidence that applied to Count 4 above applies to Count 5 and we reach the same result. The finding of guilty of Count 5 must be reversed.

4. The third enumerated error is mooted by our holding in Division 3.

*The judgment of conviction is affirmed in part, reversed in part, and case remanded for resentencing. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 2, 1982.

*D. William Garrett, Jr.,* for appellant.

*Rafe Banks III, District Attorney,* for appellee.