70458. RAFTIS v. THE STATE.
(334 SE2d 857)

CARLEY, Judge.

Appellant was tried before a jury on a two-count indictment. Count I alleged that appellant had conspired to sell more than 100

but less than 2,000 pounds of marijuana in violation of OCGA § 16-13-33. Count II alleged that appellant had possessed with intent to distribute approximately one pound of marijuana in violation of OCGA § 16-13-30 (j) (1). Appellant was found guilty on Count I and was acquitted on Count II. Appellant's motion for new trial was denied and he appeals.

1. In his first enumeration of error, appellant raises the general grounds. The evidence adduced at trial authorized a finding that appellant conspired and made the arrangements for an undercover agent to purchase 108 pounds of marijuana from a third party. However, the agreement was that both the actual delivery of the contraband and the undercover agent's payment therefor would take place in Florida. A meeting with the purported supplier in Florida occurred. Due to the supplier's additional demands, however, the sale was not finalized. Appellant contends that a sale of marijuana which is to take place in another state does not constitute a violation of the Georgia Controlled Substances Act. Thus, he contends that proof of a conspiracy, the object of which was the consummation of a sale of marijuana in Florida, would not constitute a violation of OCGA § 16-13-33, which criminalizes a conspiracy "to commit any offense defined in [the Georgia Controlled Substances Act]."

As noted above, appellant was indicted for *conspiring to sell* marijuana. It is true that "a sale of drugs is *complete* when the seller delivers the drugs to the feigned buyer." (Emphasis supplied.) *Robinson v. State,* 164 Ga. App. 652, 654 (297 SE2d 751) (1982). However, "[t]he term 'sale' is generally given a broader definition in the drug context than in other fields of law, so as to include *not only* the exchange of the goods for valuable consideration, *but also* barter and gift and often *the offer or agreement to sell,* exchange, give or otherwise transfer the drugs to another. [Cit.]" (Emphasis supplied.) *Robinson v. State,* supra at 654. "The fact that appellant may not have been a party to the actual sale of the marijuana is not determinative of his guilt. It has been held that one may be convicted of *selling marijuana* even if he only acts as a procuring agent for another. [Cit.]" (Emphasis supplied.) *Keaton v. State,* 169 Ga. App. 527, 528 (2) (313 SE2d 721) (1984), rev'd on other grounds, 253 Ga. 70 (316 SE2d 452) (1984). Accordingly, the mere fact that the sale was to be finalized in Florida does not necessarily show, as a matter of law, that appellant's conduct in this State in undertaking to arrange that sale was not a crime within the jurisdiction of this State. "It is the policy of this state to exercise its jurisdiction over crime and persons charged with the commission of crime to the fullest extent allowable under, and consistent with, the constitution of this state and the Constitution of the United States. Pursuant to this policy, a person shall be subject to prosecution in this state for a crime which he commits,

while either within or outside the state, by his own conduct or that of another for which he is legally accountable, if: (1) The crime is committed either wholly or partly within the state. . . ." OCGA § 17-2-1.

The jury was clearly authorized to find from the evidence introduced at appellant's trial that, while in Georgia, he agreed to and made the necessary arrangements for a sale of 108 pounds of marijuana. Had the arranged sale actually taken place, the crime of trafficking in marijuana as it is defined in OCGA § 16-13-31 (c) would have occurred. That crime would have been at least partly committed in Georgia because, based upon appellant's conduct in this state, he would have been the procuring agent of that sale. Thus, the evidence authorized a finding that appellant's conduct in Georgia was in furtherance of a conspiracy to commit an offense defined in the Georgia Controlled Substances Act, which offense would have been within the jurisdiction of this state to punish as such. "[O]ne commits a conspiracy 'when he together with one or more persons conspires to commit a crime *and* any one or more [of] such persons does any overt *act* to effect the object of the conspiracy.' " (Emphasis in original.) *Hammock v. Zant*, 244 Ga. 863, 864 (262 SE2d 82) (1979). The evidence accordingly authorized the finding of appellant's guilt of violating OCGA § 16-13-33.

2. The evidence would have authorized a finding that, prior to the unsuccessful finalization of the sale in Florida, one of appellant's co-conspirators gave the undercover agent approximately one pound of marijuana as "good will," with the understanding that it was to be applied toward the 108 pounds that he wished to buy. Appellant contends that this evidence shows that the "lesser included offense" of possession of marijuana had been completed and that, for this reason, the guilty verdict for conspiracy to commit the "greater offense" of trafficking cannot stand.

The law does not provide that a mere showing of a completed lesser included offense will serve to preclude a verdict of guilt for conspiring to commit the greater crime. What the law does provide is that a *verdict* of guilt as to the *completed* crime will preclude a verdict of guilt for conspiring to commit *that* crime, since the conspiracy to commit an offense merges into the actually completed offense. See generally *Crosby v. State*, 232 Ga. 599, 602 (207 SE2d 515) (1974). "Accordingly, it would be improper to convict a defendant of conspiracy to commit a specified crime, *and* the crime he conspired to commit. [Cit.]" (Emphasis supplied.) *Evans v. State*, 161 Ga. App. 468, 471 (288 SE2d 726) (1982). In the instant case, appellant was charged with conspiracy to traffick in marijuana. Evidence of any completed lesser crime would be no bar, in and of itself, to the return of a guilty verdict as to the conspiracy charged. "Since the substantive offense was not completed, the conspiracy charge was not extinguished."

*Meyers v. State*, 174 Ga. App. 161, 165 (329 SE2d 293) (1985).

3. Appellant also contends that the verdict of guilty as to conspiring to traffick in marijuana is inconsistent with the verdict of not guilty of possession of one pound of marijuana with intent to distribute. Based upon our review of the record, we find no "irreconcilable conflict" in the verdicts. See generally *Jones v. State*, 159 Ga. App. 472 (283 SE2d 691) (1981). Acquittal for actual possession of one pound of marijuana is consistent with a finding that appellant otherwise agreed to sell 108 pounds and, to that end, committed acts other than providing the prospective buyer with a sample.

4. "[I]f it appears that the intent to commit the crime did not originate with the accused but was suggested by the person present with him, with the knowledge and approval of the victim, the prosecution will . . . fail. [Cits.]" *Dalton v. State*, 113 Ga. 1037, 1039 (39 SE 468) (1901). Relying upon this language from *Dalton*, appellant contends that his conviction cannot stand because it was the undercover agent who first suggested a sale of marijuana and who then subsequently suggested that the sale consist of more than 100 pounds. Thus, according to appellant, the crime of trafficking in marijuana was suggested by the undercover agent and, under *Dalton*, a prosecution for conspiracy to commit that crime must fail.

*Dalton* does not hold that one may not be convicted merely because the crime was first suggested by another. What *Dalton* does hold is that one may not be convicted if the *intent* to commit a crime did not originate with him but arose solely from the suggestion of another. *Dalton* has consistently been interpreted to mean that "[w]here one is suspected of being a violator of the law, a trap may be set, and the suspected person given such opportunity to violate the law as would be usual and ordinary under the circumstances. [Cits.]" *Bienert v. State*, 85 Ga. App. 451, 455 (69 SE2d 300) (1952) (citing *Dalton v. State*, supra). " 'Entrapment' exists where the idea and *intention* of the commission of a crime originates with an officer of the State, and he, by undue persuasion, incitement, and deceitful means, induces the defendant to commit an act (in violation of the literal terms of the . . . law), which the defendant would not have committed except for the *conduct* of such officer." (Emphasis supplied.) *Sutton v. State*, 59 Ga. App. 198 (3) (220 SE 225) (1938). Entrapment "means something more than the mere request to purchase. [Cit.]" *Smith v. State*, 141 Ga. App. 529, 530 (233 SE2d 841) (1977), rev'd in part on other grounds, 239 Ga. 477 (238 SE2d 116) (1977). Accordingly, the mere fact that it was the undercover agent who first suggested the sale of 108 pounds does not require the reversal of appellant's conviction of conspiracy to traffick in marijuana.

5. During the State's opening statement, appellant moved unsuccessfully for a mistrial, contending that his character had been imper-

missibly placed into issue. Appellant asserts the denial of the motion was erroneous.

The statement at issue did not constitute a direct comment on appellant's character. Instead, it concerned an objective principle of law, to wit, entrapment, which principle the State apparently anticipated would be an issue in the ensuing trial. In response to appellant's motion, the trial court instructed the jury that the State's opening statement was not evidence and directed the assistant district attorney "to avoid that line of argument in opening statement." The trial court's refusal to grant further relief in the form of a mistrial was not erroneous. See *Daniels v. State*, 58 Ga. App. 599, 600 (3) (199 SE 572) (1938); *Jordan v. State*, 78 Ga. App. 879, 883 (6) (52 SE2d 505) (1949).

6. The undercover agent was called as a witness for the State. During his testimony, the witness related a statement which had been made to him by appellant during the course of the conspiracy. Appellant objected that this testimony was not relevant to any issue and was calculated to inflame the jury. The trial court overruled the objection and refused to strike the testimony. This ruling is enumerated as error.

As noted, the contested testimony concerned a statement made by appellant himself in the course of the conspiracy for which he was being tried. Although it was somewhat cryptic in parts, the statement attributed to appellant apparently was merely an explanation of his relationship with his "girls," the female members of the alleged conspiracy, one of whom was his wife and the other of whom he called his "girl-friend." Thus, the testimony was not entirely devoid of connection to the issue before the jury, because it could be found to be indicative of the existence of a viable close-knit conspiracy with the intent and ability to traffick in marijuana. Compare *Camp v. State*, 31 Ga. App. 737, 741 (7c) (122 SE 249) (1924). "In this case the evidence offered did not tend to show the commission of another crime and therefore it was properly admitted under the rule that 'where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury.' [Cit.]" *Dudley v. State*, 141 Ga. App. 431, 432 (2) (233 SE2d 805) (1977). Any implications the testimony may have made about the character of appellant were "certainly minimal, and we conclude that the relevance of [the] testimony outweighed any prejudice it may have caused. [Cits.]" *Parker v. State*, 145 Ga. App. 205, 208 (4) (243 SE2d 580) (1978).

7. Appellant contests the legality of his sentence, which was eight years to serve and a $12,500 fine. Appellant contends that the imposition of a fine is totally unauthorized as punishment for conspiracy to traffick in marijuana. He also contends that his sentence to serve eight years of imprisonment should be reversed because the trial

court erroneously misconstrued the extent of the discretion that it had in imposing a sentence for conspiracy to traffick in marijuana.

The general sentencing provision for the substantive crime of drug trafficking provides for "imprisonment for not less than five years nor more than 30 years and . . . a fine not to exceed $500,000.00." OCGA § 16-13-31 (f). The authorized sentence for trafficking in more than 100 but less than 2,000 pounds of marijuana is "a mandatory minimum term of imprisonment of five years and . . . a fine of $25,000.00." OCGA § 16-13-31 (c) (1). The general provision for sentencing a defendant convicted of conspiracy to commit a felony provides for imprisonment "for not less than one year nor more than one-half the maximum period of time for which he could have been sentenced if he had been convicted of the crime conspired to have been committed, by one-half the maximum fine to which he could have been subjected if he had been convicted of such crime, or both." OCGA § 16-4-8. Thus, if sentencing for the conspiracy for which appellant was convicted was controlled by the general provisions of OCGA § 16-4-8, a sentence of up to 15 years and/or a fine of $12,500 would be authorized.

OCGA § 16-4-8 is not, however, the applicable sentencing provision in the instant case. OCGA § 16-13-33 is. "[T]he most reasonable interpretation of the legislative intent in enacting [OCGA § 16-13-33] was to supplant the general punishment provision . . . with a specific (and potentially more harsh) punishment provision for attempt or conspiracy to possess controlled substances." *Davis v. State*, 164 Ga. App. 633, 636 (298 SE2d 615) (1982). See also *Price v. State*, 247 Ga. 58, 59, fn. 3 (273 SE2d 854) (1981). Rather than one-half of the maximum sentence applicable to the substantive crime, OCGA § 16-13-33 provides for potentially harsher punishment in the form of *"imprisonment* not exceeding the *maximum* punishment prescribed for the [Georgia Controlled Substances Act] offense, the commission of which was the object of the attempt or conspiracy." (Emphasis supplied.) OCGA § 16-13-33 does not, however, make any specific provision for the imposition of a fine. Penal statutes are construed strictly against the State and, in any case of uncertainty, the accused is entitled to have the lesser of two penalties administered. See generally *Olson v. State*, 166 Ga. App. 104, 110 (5) (303 SE2d 309) (1983). Accordingly, we are constrained to hold that a conviction for conspiracy under OCGA § 16-13-33 does not authorize the imposition of a fine, and that the fine portion of appellant's sentence must be reversed.

Turning to appellant's sentence of imprisonment, our review of the transcript reveals that the trial court concluded that, for a conviction under OCGA § 16-13-33, it had no discretion to impose any sentence of less than 5 years. As noted, OCGA § 16-13-33 provides for "harsher" sentencing insofar as the defendant faces the possible im-

position of the same *maximum* term of imprisonment as would be applicable to the substantive crime. See *Price v. State*, supra. OCGA § 16-13-33 does *not*, however, specify that the mandatory *minimum* terms of OCGA § 16-13-31 (c) are applicable to a sentence for conspiracy to traffick in marijuana. Moreover, OCGA § 16-13-33 does not indicate that a sentence for conspiracy to traffick in marijuana shall be imposed pursuant to the provisions of OCGA § 16-13-31 (e) (1), whereby a sentence for the substantive crime of trafficking "shall not be suspended, probated, deferred, or withheld prior to serving the mandatory minimum term of imprisonment prescribed. . . ." Accordingly, although OCGA § 16-13-33 clearly provides for a potentially "harsher" sentence of imprisonment, we do not construe that statute as requiring that the trial court impose a mandatory minimum term of imprisonment, or as denying to the trial court the discretion it would otherwise have in determining whether the sentence it imposes is to be served entirely in prison. "If a statute increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty. [Cit.]" *Knight v. State*, 243 Ga. 770, 775 (257 SE2d 182) (1979).

Appellant was sentenced to serve eight years, a term of imprisonment well within the 30-year maximum imposable sentence under OCGA §§ 16-13-33 and 16-13-31 (f). However, the transcript indicates that the trial court sentenced appellant pursuant to an erroneous understanding that its discretion in the matter was limited. Indeed, it would appear likely that the trial court based its sentence of appellant upon the inapplicable provisions of OCGA §§ 16-4-8 and 16-13-31 (c) (1) rather than the controlling statute, OCGA § 16-13-33. As noted above, the trial court, did have discretion to consider any sentence of less than 30 years, and was not limited to imposing one of at least 5 years. It also had discretion to consider a sentence which did not consist entirely of imprisonment. Because it appears that the trial court failed to exercise his discretion in this regard, we believe justice would best be served by reversing appellant's 8-year sentence and by remanding the case for resentencing not inconsistent with this opinion. "This court has held repeatedly that the failure to exercise discretion when the law vests discretion in a judge, is reversible error. This is made very clear in those cases where the judge lets it be known that he does not think he has any discretion, as was the situation here." *Brown v. State*, 133 Ga. App. 56, 60 (209 SE2d 721) (1974).

8. Appellant's judgment of conviction is affirmed. Appellant's sentence is reversed and the case is remanded to the trial court with direction that appellant be resentenced in accordance with this opinion. See generally *Olson v. State*, supra.

*Judgment affirmed as to conviction and reversed and case re-*

*manded as to sentence. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 12, 1985 —

*Hugh Q. Wallace,* for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney,* for appellee.