71517. MOSER v. THE STATE.
(343 SE2d 703)

BIRDSONG, Presiding Judge.

Conspiracy to Traffic in Cocaine — Merger with Substantive Crime. James Marion Moser was charged with two counts of selling and possessing cocaine and one count of conspiracy to traffic in cocaine. Count I alleged the distribution of cocaine on July 8, 1984. Count II alleged trafficking in cocaine by possessing a stated quantity with intent to distribute on July 17, 1984. Count III alleged a conspiracy to traffic by selling cocaine between July 8 and July 20, 1984, said criminal agreement being manifested by nine enumerated overt acts most of which occurred in Forsyth County. The first overt act was the delivery of the cocaine alleged in Count I to undercover agents in Forsyth County. The second overt act was the delivery of cocaine to undercover agents in Forsyth County on July 17, 1984. These were the two sales and deliveries alleged in Counts I and II. (These two offenses were nol prossed and never tried.) The remainder of the overt acts related to certain activities between the alleged conspirators and undercover agents occurring on July 19 in Forsyth County culminating in the attempted sale (by delivery) and confiscation (before completion by payment) of the cocaine in Dawson County by the undercover purchasers on the morning hours of July 20, 1984.

Moser moved to dismiss the conspiracy count on the ground that the object of the conspiracy (the sale and distribution, i.e., trafficking in cocaine) was sought ultimately to be effectuated in Dawson County rather than in Forsyth County where trial of the conspiracy charge was to take place. It is admitted that all the overt acts leading up to the distribution of the cocaine took place in Forsyth County. But

Moser argues that the attempted completion of the object of the conspiracy caused the conspiracy to merge with the completed act and in effect disappear as a chargeable crime. Inasmuch as the incomplete sale occurred in Dawson County, Moser complained before the trial court and now before this court that the only jurisdiction for the crime lay in Dawson County. See *Meyers v. State*, 174 Ga. App. 161, 164 (329 SE2d 293); *Rowe v. State*, 166 Ga. App. 836, 838 (305 SE2d 624). The asserted lack of venue and the failure of the trial court so to rule is the sole enumeration of error. *Held*:

The cases giving apparent support to the dictum in *Meyers v. State*, supra, and which likewise seem to support the argument advanced by Moser, have in reality never directly reached the conclusion drawn by Moser. In *Kilgore v. State*, 251 Ga. 291, 295 (1) (c) (305 SE2d 82), the Supreme Court stated: "In fact, Kilgore could not have been tried for conspiracy since the object of the conspiracy was completed." In support of that statement, the Supreme Court cited two of its earlier cases, *Roberts v. State*, 242 Ga. 634 (250 SE2d 482) and *Scott v. State*, 229 Ga. 541 (192 SE2d 367). Kilgore was charged with and convicted of the murder of one Norman. There was evidence of a conspiracy between three men to kill Norman in that three separate attempts to kill Norman were made with the last being successful. Kilgore argued that the state had to rely on a theory of conspiracy for the evidence pointing to his direct action was insufficient to support a conviction of murder. The Supreme Court rejected the insufficiency argument and in dicta concluded that Kilgore could not have been convicted of a conspiracy charge in view of the commission (and conviction) of the object of the conspiracy, murder. The court also observed that evidence of a conspiracy was admissible and the proper subject of a charge because that was the vehicle used by the state to show Kilgore's connection to the homicide under the law of principals. It would appear therefore that the court in its dictum may have used inadvertently an unfortunate choice of words. Perhaps the Supreme Court intended to say that Kilgore could not have been convicted of conspiracy inasmuch as he had been charged with and convicted of the object of the conspiracy, the crime of murder. Thus as the object of the conspiracy had been consummated and Kilgore convicted of that substantive crime, he could not be convicted of a conspiracy to commit that crime inasmuch as the lesser crime of conspiracy had merged into the completed crime.

A reconciliation of the cases leading up to Kilgore both in the Supreme Court and this court makes this observation more substantial. Prior to the enactment of Code Ann. § 26-3201 (now OCGA § 16-4-8) in 1968, there was no separate substantive crime of conspiracy in Georgia. After that statute was enacted, the Supreme Court was faced with the question of whether this state would follow the federal rule

that conspiracy and the object of the conspiracy are both separately chargeable substantive offenses, the punishable gravamen of the conspiracy being a criminal mind bent on mischief, the gravamen of the object of the conspiracy being punishable as the criminal act itself. Thus, as the gravamen were separate, each could be charged and if convicted, punished separately.

In addressing this question and related questions, the Supreme Court has stated that it appears to have been the intent of the legislature to make conspiracy itself a separate crime only in cases when the crime conspired to be committed had not in fact been committed (*Scott v. State,* supra) or in other words where the conspiracy had in effect been nipped in the bud. This rule, therefore, apparently should lie within the realm of double jeopardy.

Examining the cases in which the above mentioned language has been used, we observe the following. In the seminal case, *Dutton v. State,* 228 Ga. 850 (188 SE2d 794), Dutton was indicted for murder and burglary. In his defense, Dutton argued that while it may have been true that his companions might have committed the two crimes charged, he had wanted to withdraw from the criminal enterprise before either crime had occurred but was prevented from doing so. The trial court charged in that case that Dutton could be convicted of murder as a principal (as he was). Dutton claimed error in that the trial court did not sua sponte charge on the law of conspiracy inasmuch as the evidence gave rise to a criminal agreement prior to the burglary and murder. The Supreme Court held that conspiracy could have been an appropriate lesser offense until the object of the conspiracy was completed at which time the conspiracy merged into the completed criminal object of the agreement. In effect therefore, the court held that one cannot be convicted separately and sentenced separately for the conspiracy and the completed offense nor was the lesser crime of conspiracy still in issue where the object thereof had been accomplished. The Supreme Court further held that it was not error for the trial court to charge upon the law of conspiracy as an appropriate statement of the law of principals, the vehicle upon which the state rested the guilt of Dutton as a non-performing principal. Subsequently in *Scott v. State,* supra, Scott was charged with five others with the crimes of armed robbery and aggravated assault. Scott was found guilty of both crimes. In its opening argument, the state made reference to a conspiracy. Objection and motion for mistrial was made to this argument, the defendant complaining that an uncharged substantive offense had been brought to the attention of the jury. The Supreme Court again recognized the separateness of conspiracy and the substantive crime which is the object of the conspiracy. In context, the court appeared to be saying that one could be charged with and convicted of the conspiracy where the object of the conspiracy

had been nipped in the bud, a recognition that double jeopardy was involved for the discussion recognized that one cannot be convicted and sentenced both of a less serious offense (conspiracy) and the greater offense, the object of the conspiracy. However, the issue actually faced in that case was that it was not error for the trial court to deny the motion for mistrial nor to charge on the law of conspiracy as a statement of the law of principals.

In *Crosby v. State*, 232 Ga. 599 (207 SE2d 515), Crosby was charged in a multiple count indictment with conspiring to commit certain crimes and with theft by receiving stolen property. The conspiracy counts related to receiving certain stolen automobiles in order to change VIN (vehicle identification number) and cannibalize parts. These same autos were the subject of the completed offenses of receiving stolen property. The Supreme Court held it was not error to charge on the theory of conspiracy (as a part of the law of principals) but the conviction of conspiracy to receive stolen property (the lesser degree of the crime) could not stand in the face of the conviction of theft by receiving those same autos, merger creating double jeopardy.

In *Price v. State*, 247 Ga. 58 (273 SE2d 854), Price and another were convicted of 150 counts of conspiracy to prepare and fill fraudulent prescriptions in order to dispense illegal drugs. The Supreme Court found there was only one criminal agreement followed by 150 acts carrying into effect that agreement. Thus the Supreme Court held that because there was only one criminal agreement, each overt act (which in this case constituted 150 completed acts) could not be made the subject of a separately punishable crime, though the court did recognize that one could make one agreement to commit different substantive crimes and subject himself to punishment for separate crimes. In the *Price* case, the Supreme Court distinguished *Pinkerton v. United States*, 328 U. S. 640 (66 SC 1180, 90 LE 1489). Our Supreme Court observed that the U. S. Supreme Court had held that a conspiracy to commit a substantive offense and the actual substantive offenses were separately chargeable and punishable. The *Price* court observed that the rule in Georgia is diametrically opposed, citing *Crosby v. State*, 232 Ga. 599 (3), supra. The *Price* court also observed that one in Georgia could not be charged with a conspiracy to commit a crime but be convicted of the substantive crime, a possibility apparently recognized in *Braverman v. United States*, 317 U. S. 49 (63 SC 99, 87 LE 23). It is manifest in the *Price* case the court was applying a rule that a less serious offense cannot be punished simultaneously with the greater. In reaching that conclusion, the Supreme Court cited *Crosby*, supra, where the less serious offense of conspiracy to receive stolen property could not stand in the face of the simultaneous conviction of the actual receipt of that stolen property.

In *Roberts v. State*, supra, Roberts was charged with and con-

victed of murder during a convenience store robbery where one of the robbers other than Roberts had killed a customer in the store. Roberts complained it was error not to charge on conspiracy to murder but the Supreme Court held there was no error for the crime of conspiracy to murder merged with the completed offense of murder.

In *Evans v. State*, 161 Ga. App. 468 (288 SE2d 726), Evans was charged with receiving stolen property and possession of vehicles with altered VIN. He also was charged with conspiracy to commit both those offenses. In that case, Evans was convicted of both the conspiracy and the substantive crime that was the object of the conspiracy. This court held that the conspiracy merged into the completed offenses citing *Price* and *Dutton*, supra. The ultimate rationale of those cases was that one cannot be convicted of both a less serious and a greater offense each constituting the same conduct and be sentenced for both. Two other cases by this court reached that same result. *Ray v. State*, 165 Ga. App. 89 (299 SE2d 584); *McCormick v. State*, 163 Ga. App. 267 (293 SE2d 35).

A close examination of all the above cited cases reveals that in not one of them (with the possible exception of *Meyers v. State*, supra) was the appellate court faced with the right or power of the state to elect to try a defendant for a lesser degree of a crime rather than proceed only with the crime in its most serious degree. Except for *Meyers*, each of the cases involved a question of conviction of both the greater and lesser degree of the crime or the use of the law pertaining to the substantive crime of conspiracy as a substitute for the law of principals in the charge of the court or the harmlessness of a failure to give an instruction on conspiracy (thus invoking the possibility of the half maximum called for in the conspiracy statute) where the jury convicted of the greater offense. Even in *Meyers*, there is no more than dictum that a charge of conspiracy perforce merges into the uncharged but completed substantive offense for merger was not involved in the *Meyers* case. Thus to the extent that the dictum in *Meyers* indicates that the state cannot elect to indict and proceed on a conspiracy charge where the object of the conspiracy is completed but not charged will not be followed.

To hold that the state cannot charge and convict of the less serious crime of conspiracy simply because the object of the conspiracy and thus the highest degree of the crime was committed calls into question a practice followed not only in this state but in every jurisdiction that comes to mind; namely the power of the state to negotiate a plea to a lesser degree of the crime committed or to select for trial that degree of the crime which presents the least problems for successful prosecution.

Such is the situation that presents itself in this case. Had the state elected to prosecute Moser for the completed crime of traffick-

ing in cocaine by attempting to sell the drug to the undercover agents, that trial of necessity would have had to be held in Dawson County. However, the state elected to proceed with the less serious crime of conspiring to traffic in cocaine by delivering with intent to sell. Even though one of the overt acts alleged in the indictment was the attempted accomplishment of the criminal purpose (the delivery without collection of the purchase price) in a different county, such evidence should not preclude the trial and conviction of the criminal conspiracy to sell rather than the completed act of trafficking by delivering. One or more of the overt acts being proven to the jury beyond a reasonable doubt satisfies the state's burden; thus the last overt act asserting completion of a trafficking crime could be considered surplusage. See *Raftis v. State*, 175 Ga. App. 893 (334 SE2d 857).

It is not disputed that the majority of the overt acts occurred in Forsyth County nor does Moser question the sufficiency of the evidence to establish the existence of these overt acts. Venue as an essential element to the exercise of the Forsyth court's jurisdiction was proven on the record. See *Bush v. Chappell*, 225 Ga. 659, 660 (171 SE2d 128); *Royster v. State*, 108 Ga. App. 269, 270 (132 SE2d 830). We find no merit in the enumeration of error.

*Judgment affirmed. Banke, C. J., Deen, P. J., Carley, Pope, and Benham, JJ., concur. McMurray, P. J., and Sognier, J., concur in judgment only. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

1. This case is a little more subtle than we are pointing out.

It was charged in Count 1 that Moser and others did "deliver, sell, dispense, distribute and possess with the intent to distribute . . . cocaine," tracking some of the language of what is known as the trafficking statute, OCGA § 16-13-30.1 (a) (1). Count 2 charged that they did "deliver, sell and actually possess 28 grams and more than 28 grams of cocaine," thus including some of the language of sections 30.1 (a) (1) and 31 (a) (1). The third count charged that Moser and others "did . . . conspire to commit . . . trafficking in cocaine, and . . . did overt acts to effect the object of the conspiracy," naming nine such acts. "Trafficking" includes "to manufacture, deliver, distribute, dispense, possess with intent to distribute, or sell."

As far as Dawson County is concerned, the only overt acts contained in the indictment are that defendant "met" the agents there and defendant "delivered" cocaine to the agents there. That is what the state proved. Moser was convicted of conspiring to commit the offense of trafficking. OCGA § 16-13-33. The substantive offense in this case was knowingly *delivering*, which is trafficking, and not "selling," which is also trafficking. OCGA § 16-13-31 (a). Although the

substantive offense of delivering was complete, in that the cocaine was actually handed over into the possession of the agent, we cannot say that the object of the conspiracy was completed or accomplished. This is because the "sale" was not complete in that the money had not changed hands and there was no payment and thus no "sale." The object of the conspiracy was obviously not to deliver cocaine to the purchaser for zero money.

This is one of those peculiar circumstances where the completion of the substantive offense (delivery, i.e., an aborted sale) occurs before completion of the objective of the conspiracy. There is a distinction between the conspiracy to deliver, which is a crime, and conspiracy to "sell," which is also a more advanced version of the same crime of conspiracy. The point is that the completed substantive offense in this case was trafficking by delivering, whereas the obvious object of the conspiracy was trafficking by selling.

The same would be true for crimes of "attempt." Where "attempt" is a substantive crime, OCGA §§ 16-13-33 and 16-4-1, the substantive crime of attempt would be complete before there was a completion of the objective of the conspiracy. Cohorts could conspire to attempt, which would be part of the overall conspiracy to accomplish. An attempted delivery of cocaine would be a substantive offense under OCGA §§ 16-13-33 and 16-13-31 (a). Although obviously the ultimate conspiracy was the agreement to sell, an interim part of that conspiracy would be the agreement to attempt to sell and "delivery" would be a stage or step in the transaction.

Here, of course, there was more than attempted delivery, there was delivery. And that is what was charged, insofar as Dawson County was concerned.

2. Aside from the above, what I understand we are saying the law now is, follows: 1) The state may charge both conspiracy and a substantive crime, but can obtain conviction of only one because conspiracy is a lesser included offense. 2) The state can charge a substantive crime, in which case the jury can be instructed on the lesser included offense of conspiracy, and the jury can convict of either. If there is a conviction of the substantive crime, whether it embraces completion of the object or not, the "conspiracy" evidence takes on the framework of the principal statute and serves that purpose instead of serving as a separate crime. 3) The state can charge the substantive crime and reduce it in plea negotiations to the lesser crime of conspiracy to commit that crime. 4) The state can charge conspiracy, prove the completion of the object or of a substantive crime which is short of completion, such as attempt, but convict only of conspiracy. 5) The state cannot charge conspiracy and convict of the substantive crime.

So conspiracy merges only where there is conviction of a substantive offense which is a criminal aspect of the conspiracy; that offense

may not even be the ultimate object of the conspiracy but may be a preliminary crime, such as delivery without completed sale, or the substantive crime of attempt.

DECIDED MARCH 7, 1986 —

*Jeffrey R. Sliz*, for appellant.

*Rafe Banks III, District Attorney, Garry T. Moss, Assistant District Attorney*, for appellee.