## 75253. FELTON v. THE STATE.
(362 SE2d 107)

BANKE, Presiding Judge.

The appellant was convicted in Gwinnett County of the theft of a motor vehicle belonging to his employer. The salient facts are not in dispute. The appellant was employed by a landscaping company. His duties included driving a co-employee to and from work each day, using the employer's station wagon. On July 1, 1986, after transporting the employee from Gwinnett County to a job site in Walton County, the appellant disappeared with the vehicle. It was shown that on this same day the appellant had borrowed substantial sums of money from two employees. The car was recovered some two months later in Fulton County, still in the possession of the appellant. *Held:*

1. In his first and second enumerations of error, the appellant contends that the state failed to prove that venue properly lay in Gwinnett County. He argues that since it was established without dispute that he had "authority" from his employer to drive the car from Gwinnett County to Walton County, there was no basis for a finding that Gwinnett County had been the situs of a motor vehicle theft.

Generally speaking, the existence of proper venue is a question for the jury. *Taylor v. State,* 176 Ga. App. 567 (1) (336 SE2d 832) (1985). With specific reference to prosecutions for theft, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." OCGA § 16-8-11. See *Crosby v. State,* 232 Ga. 599 (207 SE2d 515) (1974). See also *Bundren v. State,* 247 Ga. 180 (274 SE2d 455) (1981).

There is no question that the appellant in the present case was in control of the vehicle in Gwinnett County on the day the theft occurred, and the jury could reasonably have concluded from the evidence that he formed the intent to steal the vehicle before he drove it

out of Gwinnett County. Circumstantial as well as direct evidence may be used to prove venue. *Loftin v. State*, 230 Ga. 92, 94 (195 SE2d 402) (1973). We hold that the evidence presented by the state was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt both that the appellant had committed the offense of motor vehicle theft and that venue for the prosecution properly lay in Gwinnett County. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the provisions of OCGA § 16-8-11 dealing with venue over a crime committed in more than one county should not have been charged to the jury because the evidence proved that he did not exercise unlawful control over the motor vehicle until he had left Gwinnett County. Based on the foregoing discussion, we find this enumeration of error to be without merit.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 5, 1987 —
REHEARING DENIED OCTOBER 19, 1987 —

*Samuel H. Harrison*, for appellant.
*Thomas C. Lawler III, District Attorney, Tracy A. Lorowitz, Assistant District Attorney*, for appellee.